## No. 12,041.

### State ex rel. Numa Dudoussat vs. Remy Klock, Criminal Sheriff.

If a judgment is void it may be assailed collaterally. But if the error is not of such a character as to render it absolutely void, the defendant can not be relieved on the writ of *habeas corpus.*

The prevailing rule is that a whole sentence is not illegal and void because of an excess.

Where the period of imprisonment is a separate portion of a sentence complete in itself, the defendant is not entitled to discharge on *habeas corpus.*

The punishment was less than the *minimum* set down in the statute, and gave to the relator no right to his release on this writ.

State ex rel. Dudoussat vs. Sheriff.

A PPLICATION for a Writ of *Habeas Corpus.*

*Ambrose Smith* for Petitioner.

*M. J. Cunningham,* Attorney General, *Charles A. Butler,* District Attorney (*Lionel Adams,* of Counsel), for the State of Louisiana.

Argued and submitted January 6, 1896.
The opinion handed down January 11, 1896.

The opinion of the court was delivered by

BREAUX, J.    The court in the case of the State of Louisiana vs. Numa Dudoussat entered judgment, upon the verdict, condemning him to imprisonment in the State penitentiary, at hard labor, for three years.    On appeal to this court the sentence and judgment were affirmed.

Under the statute, the penalty is imprisonment at hard labor during a period of not less than one year, and not more than five years; and a fine of not less than fifty dollars, and not more than five thousand dollars.

The complaint of the relator is that the error of the trial judge, in not having imposed a fine as part of the sentence, vitiates the proceedings of both the trial and appellate courts, and makes them void *ab initio.*

He prays for the writ of *habeas corpus;* that nullity be pronounced and that he be released from custody.

Three propositions suggest themselves for the purpose of the discussion as covering the principles which concern us here.

1. That the whole sentence is not void, because of an excess; that it is invalid only as to the excess.

2. That, if the sentence is below the minimum, it is not a good ground, *in se* for releasing the prisoner on a *habeas corpus.*

3. That, if the period of imprisonment is a separate portion of the sentence, complete in itself and valid, the prisoner is not entitled to discharge on *habeas corpus.*

The first proposition is supported by the decision in the United States vs. Pridgeon, 145 U. S. 48–63.

In the cited case the defendant applied to be discharged from custody because the sentence imposed was beyond the power and jurisdiction of the court, and therefore void. The imposition of the sentence was in excess of what the law permits, and none the less the court held that the sentence was legal so far as the power of the court extended, and was only illegal as to the excess.

The decision received the unanimous approval of all the members of that exalted tribunal, citing approvingly a number of its own decisions as well as decisions of appellate courts of a number of States.

In another case, *In re* Swan, 150 U. S. 637, 653, that court held, even if the court had exceeded its authority, yet the prisoner could not be discharged on *habeas corpus* until he had served the sentence it was within the power of the court to impose.

The relator relies upon *Ex parte* Lange, 18 Wallace, U. S. 163, to which our attention was directed.

In that case it is announced that "the error of the court in imposing the two punishments mentioned in the statutes when it had only the alternative of one of them, did not make the judgment wholly void."

The punishment under the statute was imprisonment for not more than one year *or* a fine of not less "than ten dollars, nor more than two hundred dollars." The judge sentenced Lange, under the conviction, to one year's imprisonment and to pay two hundred dollars fine. The defendant paid the fine and filed a petition praying for a writ of *habeas corpus*. The judgment of the court had been rendered and carried into execution, yet an attempt was made (by the court on *habeas corpus*) to vacate the judgment and render another for one year's imprisonment, in compliance with the terms of the statute. The defendant had been punished. The Supreme Court applied the principle of the law, on the application for *habeas corpus*, that no one can be twice punished for the same crime at the same time; and announced in substance that a defendant is not entitled to a discharge where a portion of the sentence is legal, but that the court can not, even during the term, amend a sentence which has been executed in part, without invading the right of an accused not to be twice vexed or punished for the same offence.

There is considerable distinction between a void judgment apparent on an application for a writ of *habeas corpus* and those judg-

ments which are voidable in a direct proceeding instituted for the purpose of vacating them, setting them aside or reversing them. A void judgment is as nothing.

Upon this subject Mr. Justice Miller, speaking for the court, said: " An imprisonment under a judgment can not be unlawful, unless the judgment is an absolute nullity; and it is not a nullity if the court has general jurisdiction of the subject, although it should be erroneous." *In re* Coy, 127 U. S. 731, 757.

Here the court had general jurisdiction of the subject.

*In re* Graham, 138 U. S. 461, 463, Justice Field said, in regard to a similar question (the defendant was condemned to serve in excess of the time presented) ; that the prisoner should not have been sentenced, as he was, for a time exceeding ten years. " When the ten years have expired it is probable the court will order the prisoner's discharge, but until then he has no right to ask the annulment of the entire judgment."

In *Ex parte* Hagan, 25 Ohio, 426, 432, the Supreme Court of that State held: " The punishment inflicted by the sentence in excess of that prescribed by the law in force was erroneous and voidable, but not absolutely void. The excess can be held void and disregarded." People *ex rel.* Trainer vs. Baker, 15 N. Y. Court of Appeals.

In California a defendant had been sentenced to serve three years. The law's limit was six months. He was discharged at the end of the six months on an application for *habeas corpus. Ex parte* Bulger, 60 California, 438.

In Texas it was decided: A prisoner held in custody under judicial proceedings not void can not obtain relief by *habeas corpus.* Texas Court of Appeals, *Ex parte* Boland, 11 Tex. 159.

Our immediate predecessors in State vs. Salone Branch, 34 An. 942, held, on appeal, that the whole sentence is not illegal and void because of the excess, and amended the judgment by decreeing it invalid only as to the excess, and the remaining sentence was decreed valid.

The authorities to which we have referred heretofore relate to penalties above the maximum; the error in those cases, if not corrected, would be prejudicial.

Here the question relates to a sentence below the minimum, and the error, if not corrected, would not be prejudicial; it is an error

really in defendant's favor, and is not to be viewed in the same light as the former.

In Barada & Barada vs. The State, 13 Missouri, 94-96, not on application for *habeas corpus*, but on *writ of error*, the court did not annul the sentence, imposing a fine less than the minimum limit, on the ground that it was not an injury to the defendants or to their prejudice.

In Tennessee, again, on appeal *in error*, the court held, that a party can not assign for error that which is for his own advantage; applies as well to criminal as to civil proceedings. The complaint was that the term of confinement was less than the minimum of the statute, that instead of two years it should have been three years. The error, it was held, was only formal. Wattingham vs. The State, 5 Sneed's, p. 64, 68.

It will be observed that in these last cases having bearing here, the question came up on *writ of error*. We express no opinion, as there is no necessity, in regard to the correctness or incorrectness of thus holding at such a period of the case. We only cite them as authority in support of the position that a party on application for *habeas corpus* has nothing to complain of, upon the ground of deficiency in the punishment imposed.

This court sustained that view in State vs. Evans, 23 An. 525, and held that a judgment will not be reversed on appeal, though the judge *a quo* assessed a smaller fine on the accused than he was authorized.

The interpretation was in favor with Mr. Bishop, as we read his work on Criminal Law. Vol. I, p. 931.

Mr. Church, on *habeas corpus*, says: "Where the sentence can be so divided, the invalid part may be discharged, and the prisoner ought not to be discharged in *habeas corpus*, until he has served out the valid portion of the sentence." Par. 353.

The right on appeal is not limited as it is on an application for a writ of *habeas corpus;* the same court, without inconsistency, may, on appeal, remand a case on the ground here for further proceeding, and might decline to release a prisoner on application for a writ of *habeas corpus*.

Of the many cases we have examined we have not, as we read them, found an authority sustaining the application here made. In *case of a writ of error* to the District Court of the United States the

Circuit Court held that any variation, either in character or extent of the punishment, avoids the judgment.   United States vs. Wilson, 28 F. R. 766, 768.

In *habeas corpus* proceedings distinction is observed.   We quote from the first decision before cited—*i. e.*, the Pridgeon case.

"In other words the sound rule is that a sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and the offence, and only void *as to the excess, when such excess is separable and may be dealt with without* disturbing the valid portion of the sentence.

"Many well-considered authorities, in England as well as in this country, hold that where *there is jurisdiction* of the person and of *the offence* the excess in the sentence of the court beyond the provisions of law is only voidable in proceeding upon writ of error." (The italics are ours.)

The court in that case cites, in support of the principle announced: *Ex parte* Lange, 18 Wallace, 163; Senrott's Case, 146 Mass. 489, 493; People vs. Kelly, 97 N. Y. 212; People vs. Liscomp, 60 N. Y. 559; People vs. Jacobs, 66 N. Y. S.; *Ex parte* Shaw, 7 Ohio St. 81; *Ex parte* Van Hagan, 25 Ohio St. 426; *In re* Graham, 74 Wisconsin, 450; Elsner vs. Shrigley, 80 Iowa, 30; *Ex parte* Mex, 44 California, 579.

It was argued at the bar that under the article of the Code of Practice relating to that writ it is a question of want of power. But may it not be suggested that the power exists to the extent that the court had jurisdiction to render the particular judgment.   There is no excess in so far as relates to the particular punishment; it is a question of irregularity in not having imposed a fine.

In two cases of this court, cited *supra*, the error did not vitiate the proceedings.   Without overruling these decisions and disregarding the rule established by a long chain of authorities we can not release the relator on this writ.

It is therefore ordered and adjudged that the present application be denied and the proceedings for *habeas corpus* dismissed.