## LINNINGEN v. MORGAN.

(Circuit Court of Appeals, Eighth Circuit. March 19, 1917.)

### No. 4836.

1. COUNTERFEITING ⬩16—INDICTMENT—SUFFICIENCY.

Rev. St. § 3515 (Comp. St. 1916, § 6458), defines the minor coins of the United States as the five, three, and one cent pieces. Pen. Code (Act March 4, 1909, c. 321) § 163, 35 Stat. 1119 (Comp. St. 1916, § 10333), makes it an offense to have possession of or to utter and publish counterfeited coin in resemblance of the gold and silver coins coined at the mints. Section 164 (Comp. St. 1916, § 10334) similarly provides as to the minor coins coined at the mints, but imposes a lighter punishment. *Held*, that an indictment charging defendant with having possession of and uttering counterfeited coins resembling the silver coin coined at the mints commonly called a dollar charged an offense under section 163, without alleging that such coin was not one of the minor coins of the United States.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. §§ 23–37.]

2. HABEAS CORPUS ⬩30(3)—ERRORS AND IRREGULARITIES—DEFECTS IN SENTENCE.

That a sentence under a statute providing for imprisonment and fine imposes no fine in addition to imprisonment is not available as an objection on habeas corpus, as defendant is not injured thereby.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25.]

3. COUNTERFEITING ⬩21—PUNISHMENT.

Rev. St. § 5457 (Comp. St. 1916, § 10333), provided punishment for counterfeiting or possessing counterfeited coins, etc., by a fine of not more than $5,000 and by imprisonment at hard labor not more than 10 years. Pen. Code, § 163, covering the same offenses prescribes the same punishment without mentioning hard labor. Section 338 (Comp. St. 1916, §

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10512) provides that the omission of the words "hard labor" from the provisions prescribing the punishment in the various sections of that act shall not deprive the court of the power to impose hard labor, where such power "now exists." *Held* that, in a prosecution for possessing and uttering counterfeited coins, the court had power to impose a sentence at hard labor.

[Ed. Note.—For other cases, see Counterfeiting, Cent. Dig. § 51.]

Appeal from the District Court of the United States for the District of Kansas.

Habeas corpus by William H. Linningen, on the petition of T. W. Bell, against Thomas W. Morgan. Judgment dismissing the petition, and the petitioner appeals. Affirmed.

P. H. Cullen, of St. Louis, Mo., for appellant.

Fred Robertson, U. S. Atty., and L. S. Harvey, Asst. U. S. Atty., both of Kansas City, Kan., for appellee.

Before CARLAND and STONE, Circuit Judges, and MUNGER, District Judge.

MUNGER, District Judge. The appellant filed a petition for a writ of habeas corpus, alleging that he was unlawfully confined in the United States penitentiary at Leavenworth, Kan. There is no dispute about the facts. An indictment was returned against appellant in the United States District Court for the District of Indiana, which contained two counts. The first count charged:

"That William H. Linningen, late of said district, at the district aforesaid, on the nineteenth day of January in the year of our Lord one thousand nine hundred and eleven, unlawfully, knowingly and feloniously did then and there have in his possession at the same time with intent then and there to pass, utter and publish the same as true and genuine to some person or persons to the grand jurors aforesaid unknown, ten similar pieces of falsely made, forged and counterfeited coin in the likeness and similitude of the silver coin of the United States, which has been coined at the mints of the United States, commonly called a dollar, with intent then and there to defraud the said person or persons unknown as aforesaid to the said grand jurors, he, the said William H. Linningen, then and there well knowing the same to be falsely made, forged and counterfeited."

The second count charged that appellant at the same time and place—

"unlawfully, knowingly and feloniously did then and there pass, utter and publish, and attempt to pass, utter and publish as true and genuine, to one James Hayden, a certain falsely made, forged and counterfeited coin in the resemblance and similitude of the silver coin of the United States, which has been coined at the mints of the United States, commonly called a dollar, with intent then and there to defraud him, the said James Hayden, he, the said William H. Linningen, then and there well knowing the same to be falsely made, forged and counterfeited."

As a result of a trial upon this indictment, there was a verdict finding appellant guilty as charged, and upon that verdict the court entered a judgment as follows:

"It is therefore considered by the court that said defendant for the offense charged in said indictment be imprisoned and confined in the United States Penitentiary at Leavenworth, Kan., for the term of ten years at hard labor, and that he do pay unto the United States the costs of this prosecution."

Under a commitment issued pursuant to this judgment, the appellant was delivered to the custody of respondent as warden of the United States penitentiary at Leavenworth, Kan., on June 9, 1911, and ever since he has been imprisoned therein. The trial court denied the application for the writ and this appeal followed. Sections 163 and 164 of the Penal Code provide as follows:

"Whoever shall falsely make, forge, or counterfeit, or cause or procure to be falsely made, forged, or counterfeited, or shall willingly aid or assist in falsely making, forging, or counterfeiting any coin or bars in resemblance or similitude of the gold or silver coins or bars which have been, or hereafter may be, coined or stamped at the mints and assay offices of the United States, or in resemblance or similitude of any foreign gold or silver coin which by law is, or hereafter may be, current in the United States, or are in actual use and circulation as money within the United States; or whoever shall pass, utter, publish, or sell, or attempt to pass, utter, publish, or sell, or bring into the United States or any place subject to the jurisdiction thereof, from any foreign place, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any person or persons whomsoever, or shall have in his possession any such false, forged, or counterfeited coin or bars, knowing the same to be false, forged, or counterfeited, with intent to defraud any body politic or corporate, or any person or persons whomsoever, shall be fined not more than five thousand dollars and imprisoned not more than ten years." Comp. St. 1916, § 10333.

"Whoever shall falsely make, forge, or counterfeit, or cause or procure to be falsely made, forged, or counterfeited, or shall willingly aid or assist in falsely making, forging, or counterfeiting any coin in the resemblance or similitude of any of the minor coins which have been, or hereafter may be, coined at the mints of the United States; or whoever shall pass, utter, publish, or sell, or bring into the United States or any place subject to the jurisdiction thereof, from any foreign place, or have in his possession any such false, forged, or counterfeited coin, with intent to defraud any person whomsoever, shall be fined not more than one thousand dollars and imprisoned not more than three years." Comp. St. 1916, § 10334.

[1] Appellant alleges that each count of the indictment charged an offense under section 164 of the Penal Code, and not under section 163, and as the sentence under section 164 could not be for imprisonment for a longer term than three years, and he has been confined beyond that period, he is entitled to be discharged. In support of this claim, it is urged that it was not charged in the indictment that the counterfeit coins which appellant had in his possession were not minor coins of the United States. It is alleged in the first count that defendant had in his possession ten pieces of counterfeited coins in the likeness and similitude of the silver coin of the United States, which has been coined at the mints of the United States, commonly called a dollar, and in the second count that appellant uttered as genuine a counterfeited coin in the resemblance and similitude of the silver coin of the United States, which has been coined at the mints of the United States, commonly called a dollar.

Section 163 of the Penal Code makes it an offense under certain circumstances to have possession of, or to utter and publish, counterfeited coin in resemblance or similitude of the gold and silver coins which have been, or may be, coined at the mints and assay offices of the United States. The silver dollar is a coin of the United States authorized to be coined at the United States mints. Act Feb. 2, 1878, c. 20, § 1, 20 Stat. 25, 6 U. S. Comp. Stats. Ann. 1916, § 6453. The minor coins

of the United States are thus defined in Rev. Stats. § 3515, 6 U. S. Comp. Stats. Ann. 1916, § 6458:

"The minor coins of the United States shall be a five-cent piece, a three-cent piece, and a one-cent piece."

It is not necessary, in order to charge a crime under section 163 of the Penal Code, that the indictment should negative the fact that the coins appellant possessed or uttered were not minor coins of the United States, when they were described as being in the likeness and similitude of the silver coin of the United States, which has been coined at the mints of the United States, commonly called a dollar. The allegation in the indictment that appellant knew the coins to be counterfeited followed the terms of section 163 of the Penal Code, while this allegation was unnecessary under section 164. Each count of the indictment sufficiently stated an offense under section 163.

[2] Complaint is made because the court omitted to impose a fine upon appellant, in addition to the sentence of imprisonment, as the statute provides for imprisonment and a fine, and the omission makes void the sentence imposed on him. This contention is untenable on habeas corpus, as appellant was not injured thereby. Bartholomew v. United States, 177 Fed. 902, 101 C. C. A. 182; State v. Klock, 48 La. Ann. 67, 18 South. 957, 55 Am. St. Rep. 259; Ex parte Shaw, 7 Ohio St. 81, 70 Am. Dec. 55.

[3] A further objection to continued incarceration under the sentence is based on the fact that the court sentenced appellant to be imprisoned at hard labor. Section 338 of the Penal Code provides:

"The omission of the words 'hard labor' from the provisions prescribing the punishment in the various sections of this act, shall not be construed as depriving the court of the power to impose hard labor as a part of the punishment, in any case where such power now exists." Comp. St. 1916, § 10512.

When the Penal Code was enacted, section 5457, Rev. Statutes, read as follows:

"Every person who falsely makes, forges, or counterfeits, or causes or procures to be falsely made, forged, or counterfeited, or willingly aids or assists in falsely making, forging, or counterfeiting any coin or bars in resemblance or similitude of the gold or silver coins or bars which have been, or hereafter may be, coined or stamped at the mints and assay offices of the United States, or in resemblance or similitude of any foreign gold or silver coin which by law is, or hereafter may be, current in the United States, or are in actual use and circulation as money within the United States, or who passes, utters, publishes, or sells, or attempts to pass, utter, publish, or sell, or bring into the United States from any foreign place, knowing the same to be false, forged, or counterfeit, with intent to defraud any body politic or corporate, or any other person or persons whatsoever, or has in his possession any such false, forged or counterfeited coin or bars, knowing the same to be false, forged or counterfeited, with intent to defraud any body politic or corporate, or any other person or persons whatsoever, shall be punished by a fine of not more than five thousand dollars, and by imprisonment at hard labor not more than ten years." Comp. St. 1916, § 10333.

The Penal Code re-enacted the provisions of this section in section 163 of the Penal Code, repealing section 5457 of the Rev. Stats. in section 341 of the Penal Code (Comp. St. 1916, § 10515). The power to impose a sentence at hard labor for an offense of this kind therefore

existed at the time of the enactment of the Penal Code, and that power was preserved to the court by the provisions of section 338 of the Penal Code.

No error is found in the judgment of the trial court, and the judgment of the trial court will be affirmed.