**UNITED STATES of America, Plaintiff,**

v.

**John Waterhouse FORREST and Milton Edward Taube, Defendants.**

**Crim. No. 3805.**

United States District Court, W. D. Michigan, N. D.

March 14, 1973.

John M. Milanowski, U. S. Atty., Grand Rapids, Mich., for plaintiff.

Hugh M. Davis, Jr., Detroit, Mich., for defendants.

OPINION AND ORDER

FOX, Chief Judge.

On October 17, 1970, these two defendants were sentenced to indeterminate one to five-year terms. These sentences followed guilty pleas by both of these defendants to the third count of an indictment charging that these defendants had violated 18 U.S.C.A. § 1071. This statute provides that:

> Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined not more than $1,000 or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine of not more than $5,000, or imprisonment for not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 755; Aug. 20, 1954, c. 771, 68 Stat. 747.

A review of the arraignment and sentencing records reveals that these defendants were both represented by counsel when they pleaded guilty and that these pleas were made voluntarily and with advice of counsel. Finally, the facts revealed to the court by the defendants were adequate to support their pleas.

Presently before this court is the defendants' motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure and the defendants' motion pursuant to 28 U.S.C.A. § 2255. First, with respect to the defendants' motion for a new trial on the grounds of newly discovered evidence, it should be noted that this motion is timely as it was filed within two years after the "finding" of guilt. However, these defendants were not tried; rather, they chose to plead guilty. Therefore, they waived their right to a trial and a "new trial" motion is not now appropriate, and accordingly the defendants' motion will be considered only as a motion pursuant to 28 U.S.C.A. § 2255, as that is the only remedy presently available to these defendants.

This court has held a hearing on this motion. At the hearing, the defendants argued that they concealed the fugitive, Lawrence Robert Plamondon, because they knew that the charges against him were false and were merely a product of government harassment. The defendants argue that knowing this, they were justified in concealing Mr. Plamondon. The defendants have requested that this court grant them an evidentiary hearing at which they would attempt to prove that the charges against Mr. Plamondon were in fact groundless.

This court denies that request. The court has found no authority in support of the defendants' "justification" defense. The court is the proper place for resolution of alleged groundless charges. Flight is not a resolution; it is a complication and an additional crime. An alleged wrongdoer is not justified in fleeing from the authorities because he believes himself to be innocent, nor would his friends be justified in knowingly concealing him.

The defendants knowingly violated 18 U.S.C.A. § 1071, and they have voluntarily pled guilty to that defense. Their claimed defense of justification must be held to be invalid and therefore, this court denies their motions.

It is so ordered.