Robert Wesley **ALLEN**, Appellant,

v.

**STATE** of Iowa, Appellee.

No. 2–56639.

Supreme Court of Iowa.

April 24, 1974.

L. Vern Robinson, Iowa City, for appellant.

Richard C. Turner, Atty. Gen., Dennis E. Jontz, Asst. Atty. Gen., Ruth R. Harkin, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Robert Wesley Allen (petitioner) brought this postconviction proceeding to challenge the trial court's refusal to allow him to withdraw a guilty plea. In a separate division he sought to challenge disciplinary punishment at the penal institution to which he was sentenced. The trial court denied relief on the first claim and refused to consider the second. We think the trial court erred on petitioner's first claim but should be affirmed on the second.

Petitioner entered a plea of guilty to uttering a forged instrument in violation of Code section 718.2. The section provides:

"If any person utter and publish as true any record, process, certificate, deed, will, or any other instrument of writing mentioned in section 718.1 [forgery], knowing the same to be false, altered, forged, or counterfeited, with intent to defraud, *he shall be imprisoned in the penitentiary not*

*more than ten* years, * * *." (Emphasis added)

In this proceeding petitioner asserts he was not informed, when entering his plea, as to the maximum term for which he might be sentenced. The trial court refused to make a finding on this claim and the State failed below to supply the record of the proceedings challenged. But from the scant proof petitioner was able to gather and offer there is a strong indication of substance to his claim.

Upon trial in this proceeding petitioner did not have available to transcript or a record of the earlier proceeding he was challenging. He was able to show he was actually sentenced to seven years imprisonment. The county attorney acknowledged this. The court did so too, stating the calendar sheet was thereafter changed so the sentence became ten years rather than seven. The trial court added "and initialed by myself."

In this proceeding the trial court acted in the belief it was not required to make a finding as to whether defendant had been properly informed of the maximum sentence. The trial court claimed authority to correct the sentence so as to make it conform with the term called for in the statute. On appeal the State agrees and asks affirmance on the ground petitioner failed to "establish in the postconviction proceeding that there was not substantial compliance with the Sisco standards." See State v. Sisco, 169 N.W.2d 542 (Iowa 1969).

■ I. Any shortcomings in petitioner's showing stem directly from the State's failure to comply with a provision of section 663A.6, The Code. It provides:

"* * * If the application is not accompanied by the record of the proceedings challenged therein, the respondent shall file with its answer the record or portions thereof that are material to the questions raised in the application."

This failure perhaps can be traced to the county attorney's willingness to concede the fact petitioner had been sentenced for a seven year term, and of the later "correction." In any event the failure to provide the record is the State's not petitioner's.

■ II. It was error to hold petitioner's complaint could be ignored on the basis the trial court could "correct" the sentence. This was not the question before the trial court; nor is it the question before us. The question was and is whether petitioner was correctly informed of the possible maximum sentence before entering his plea. The underlying question is controlled by a now familiar principle. In State v. Reppert, 215 N.W.2d 302 (Iowa 1974), relying on Tucker v. United States, 409 F.2d 1291, 1295 (5 Cir. 1969) we held:

"It is said to be 'well settled' that a plea *of guilty is invalid as not being* understandingly entered if the defendant does not know the maximum penalty for the offense."

The State argues petitioner's testimony offered in this proceeding reveals he had been disinterested in the possible maximum sentence. His testimony does disclose his concern at the time was as to whether the sentence to be imposed would run concurrently with or consecutive to another sentence he was to serve. His testimony does not reveal a recollection of what, if anything, was said at the time on the question of possible maximum sentence.

■ The rule we have cited from State v. Reppert, supra, does not depend upon the interest held or expressed by an accused. The rule makes it the trial court's duty to require a showing the accused is fully and accurately informed as to the possible maximum sentence.

III. The trial court was wrong in failing to make specific findings of fact. Section 663A.7 provides in part:

"* * * The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. * * *."

■ The provision should be complied with even where, as here, the trial court believes the petitioner to be on unsound legal ground. The findings should nevertheless be made for a proper disposition on review.

The case must be reversed and remanded for retrial for a determination of petitioner's claim. At such trial the State shall provide a record of the earlier proceeding.

IV. In a separate division of his application for postconviction relief petitioner challenged disciplinary proceedings at the Iowa State Penitentiary. He alleged good and honor time had been taken from him by the prison administration. This was assailed as violative of the due process clause of Amendment 5, United States Constitution. The trial court rightly disclaimed jurisdiction to consider this claim.

■ The postconviction remedy was given to supplant " * * * common law, statutory, or other remedies formerly available for challenging the validity of *the conviction or sentence.*" (Emphasis added) Section 663A.2, The Code. Its purpose was to return to the trial courts across the state, for their own first consideration and possible correction, challenges addressed to their prior actions. The challenges contemplated involved local actions and procedures, upon which proof was immediately available. It did away with the former practice which required trial courts at the place of our penal institutions to review proceedings of other trial courts.

■ Forfeiture of the reduction of honor time is governed by section 246.41, The Code. Challenges to any such forfeitures have been traditionally undertaken by writ of habeas corpus. State v. Hunter, 124 Iowa 569, 100 N.W. 510; State v. Barr, 133 Iowa 132, 110 N.W. 280; Curtis v. Bennett, 256 Iowa 1164, 131 N.W.2d 1. See also 72 C.J.S. Prisons § 21h, pages 890–892.

■ Petitioner was perhaps deterred from proceeding in habeas corpus in the county of his imprisonment by the terms of section 663A.1, The Code, which seems to abrogate habeas corpus for persons convicted of, or sentenced for, a public offense. We interpret this section as a limitation on habeas corpus only to whatever extent the remedy is supplanted by the right to proceed in a postconviction proceeding. Such an interpretation is demanded by Article I, section 13, of the Iowa Constitution. It provides:

"The writ of habeas corpus shall not be suspended, or refused when application is made as required by law, unless in case of rebellion, or invasion the public safety may require it."

The trial court was right in disclaiming jurisdiction to consider the challenge to disciplinary proceedings at the penitentiary but must be reversed for the reasons announced in divisions I and II.

Affirmed in part, reversed in part, and remanded.