**STATE of Iowa, Appellee,**

v.

**Carl Henry ALEXANDER, Appellant.**

No. 89–1823.

Supreme Court of Iowa.

Nov. 21, 1990.

Don Nickerson of Babich, Bennett & Nickerson, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., and Steven J. Oeth, County Atty., for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Defendant Carl Henry Alexander was charged with willful injury after a neighbor accused him of striking him in the head with a metal baseball bat. Following discovery and plea negotiations, Alexander indicated a willingness to plead guilty to the lesser charge of going armed with a dangerous weapon. The record of the plea proceedings reveals that potential defenses

of justification or self-defense were implicated. Nevertheless, Alexander pled guilty to the reduced charge and the court sentenced him to a term of imprisonment not to exceed five years.

Alexander subsequently learned of a witness whose testimony would allegedly support a theory of justification or self-defense. He moved for new trial on the ground of newly discovered evidence. The district court denied the motion without hearing, ruling that a motion for new trial cannot be urged following a plea of guilty. It is from this ruling that Alexander appeals.

The question is whether "new trial" may be sought only by defendants who have already been to trial, or whether the remedy is also available to defendants who plead guilty and later seek to set aside their plea and proceed to trial on the ground of newly discovered evidence. The rules governing the question are, regrettably, less than clear. Iowa Rule of Criminal Procedure 23(2)(a) provides, in pertinent part:

> The application for a new trial ... shall be made not later than forty-five days after *plea of guilty* [or] verdict of guilty, ... but in any case not later than five days before the date set for pronouncing judgment, *but where based upon newly discovered evidence may be made after judgment as well.*

Iowa R.Crim.P. 23(2)(a) (emphasis added).

Notwithstanding the reference to "plea of guilty" in rule 23(2)(a), all the enumerated grounds justifying new trial refer to verdict or prior trial, including the ground upon which Alexander relies:

> When the defendant has discovered important and material evidence in his or her favor since *the verdict,* which the defendant could not with reasonable diligence have discovered and produced *at the trial.*

Iowa R.Crim.P. 23(2)(b)(8) (emphasis added).

Logic would suggest that the concept of *new* trial should have as its predicate the existence of a *former* trial. Moreover, it is well settled that a plea of guilty "waives all defenses or objections which are not intrinsic to the plea itself." *State v. Morehouse,* 316 N.W.2d 884, 885 (Iowa 1982); *State v. Burtlow,* 210 N.W.2d 438, 439 (Iowa 1973). This is the rule that applies without exception in the federal courts. *See, e.g., United States v. Collins,* 898 F.2d 103, 104 (9th Cir.1990); *United States v. Lambert,* 603 F.2d 808, 809 (10th Cir.1979); *Williams v. United States,* 290 F.2d 217, 218 (5th Cir. 1961); *United States v. Forrest,* 356 F.Supp. 343, 344 (W.D.Mich.1973); *see also State v. Kluge,* 198 Neb. 115, 118, 251 N.W.2d 737, 739 (1977).

Nevertheless, we are confronted by a "new trial" rule that was amended by the legislature in 1978 to add the very circumstance—plea of guilty—that is the springboard for defendant's claim for relief. *See* 1978 Iowa Acts ch. 1208 r. 23(2)(a). Can it be that the legislature intended district courts to consider motions for "new" trial without reference to an "old" trial? If we adhered strictly to the rule that courts search for legislative intent by examining "what the legislature said rather than what it should or might have said," *see* Iowa R.App.P. 14(f)(13), the answer would be "yes." We are also obliged, however, to reasonably interpret statutes in a way that will avoid absurd results. *State v. Bessenecker,* 404 N.W.2d 134, 137 (Iowa 1987). We think that a close examination of the 1978 amendment to rule 23 reveals the true intent of the legislature and the infirmity of the interpretation advanced by Alexander.

Prior to the amendment upon which Alexander relies, motions for new trial could be made at any time prior to judgment; motions in arrest of judgment following "finding, plea, or verdict of guilty" were required to be filed within six days. *See* Iowa R.Crim.P. 23(2)(a) (1978) (motion for new trial); 23(3)(b) (motion in arrest of judgment). The clear thrust of the amendment was to extend and make uniform the *time limits* applicable in each circumstance: "not later than forty-five days ... but in any case not later than five days before the date set for pronouncing judgment." *See* 1978 Iowa Acts ch. 1208 r.

23(2)(a). Unfortunately, the same language referring to "plea of guilty, verdict of guilty, or special verdict" was used in the amendment to both the subsection governing motion for new trial and in arrest of judgment despite the fact that the substantive remedies under each subsection are clearly distinct. The remainder of rule 23(2), which was unaffected by the amendment, speaks only of new trial following verdict. This latter fact, when combined with the legislative history, convinces us that inclusion of the phrase "plea of guilty" in rule 23(2)(a) was inadvertent and erroneous.

We are confident that the legislature did not intend to give admittedly guilty persons the unfettered right to recant their admission and proceed to trial on the ground of newly discovered evidence or any other ground not intrinsic to the plea. Notions of newly discovered evidence simply have no bearing on a knowing and voluntary admission of guilt. The remedy Alexander seeks is available to him in the form of postconviction relief. *See* Iowa Code § 663A.2(4) (1989). We affirm the district court's refusal to hear Alexander's motion for a new trial.

AFFIRMED.