Tom RICHMOND, Appellant,

v.

STATE of Iowa, Appellee.

No. 89-1277.

Supreme Court of Iowa.

Dec. 19, 1990.

Philip B. Mears of Mears, Zimmerman, & Mears, Iowa City, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and William A. Hill and Layne M. Lindebak, Asst. Attys. Gen., for appellee.

ANDREASEN, Justice.

Tom Richmond (Richmond) is an inmate in the Iowa State Penitentiary. In November of 1987, a prison disciplinary committee found him guilty of violating prison rules. Consequently, Richmond received ten days disciplinary detention (solitary confinement) and ninety days administrative segregation. Richmond did not, however, lose any good time.

Richmond appealed the decision to the warden, who affirmed. In February 1988, rather than pursuing his administrative remedies by appealing to the director of the Iowa department of corrections, Richmond filed a petition for postconviction relief under Iowa Code section 663A.2(6) (1987). He asked that the decision finding he violated two prison rules be set aside and the report expunged from his records. Richmond subsequently amended his petition to include alternative grounds for relief under section 663A.2(5) and Iowa Code chapter 663, habeas corpus.

At trial, the State argued that the district court did not have subject matter jurisdiction to decide the case because Richmond had not exhausted his administrative remedies prior to filing his petition in the district court. The district court agreed and dismissed Richmond's application for relief. The State's argument was based on the language of section 663A.2 which specifies who may bring an action in district court for postconviction relief:

> Any person who has been convicted of, or sentenced for, a public offense and who claims that:
>
> . . . .
>
> 5. The person's sentence has expired, or probation, parole, or conditional release has been unlawfully revoked, or the person is otherwise unlawfully held in custody or other restraint;

6. The person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited *and the person has exhausted the appeal procedure of section 903A.3 subsection 2;*

Iowa Code § 663A.2 (1987) (emphasis added).

Richmond contends that while a failure to exhaust his administrative remedies is concededly a bar to his claim under section 663A.2(6), it should not prevent him from proceeding on his claim under section 663A.2(5). The State urges that the administrative remedies exhaustion requirement set out in subsection 6 of section 663A.2 also applies to claims brought under subsection 5. Our review of the district court's judgment is for the correction of errors at law. Iowa R.App. P. 4.

I. *Chapter 663A.*

Chapter 663A was enacted in 1970. Section 2 of the act did not then include what is now subsection 6. When a prisoner filed a petition challenging his disciplinary punishment of forfeiture of the reduction of honor time (loss of good time), we held chapter 663A did not extend to prison disciplinary proceedings. *Allen v. State,* 217 N.W.2d 528, 531 (Iowa 1974). We said the proper means of challenging prison disciplinary proceedings was by a writ of habeas corpus. *Id.* Later we held that prison disciplinary proceedings are not subject to chapter 17A, the Iowa Administrative Procedure Act, because prison disciplinary committees are not within the definition of agencies under Iowa Code section 17A.2(1). *Langley v. Scurr,* 305 N.W.2d 418, 419 (Iowa 1981).

In 1981 the legislature amended subsection 6 of section 663A.2 to provide for postconviction relief where "[t]he person's reduction of sentence pursuant to section 246.39 or section 246.43 has been unlawfully forfeited." 1981 Iowa Acts ch. 198, § 1. Section 7 of chapter 663A was amended to provide "[h]owever, if the applicant is seeking relief under section 663A.2, subsection 6, the application shall be heard in, and before any judge of the court of the county

in which the applicant is being confined." 1981 Iowa Acts ch. 198, § 3. Later section 663A.3 was amended to require petitions under section 663A.2(6) be filed in the county where petitioner is confined. 1984 Iowa Acts ch. 1193, § 1.

In 1983 the legislature amended section 663A.2(6) to its present form. 1983 Iowa Acts ch. 147, § 10. Chapter 903A was also adopted. 1983 Iowa Acts ch. 147, §§ 1–8. It provides for a reduction of sentence of one day for each day of good conduct, it permits the forfeiture of good time earned upon a finding an inmate violated an institutional rule, and it provides a procedure for appeal from forfeiture orders to the superintendent or warden of the institution and then review by the director of the Iowa department of corrections. 1983 Iowa Acts ch. 147, §§ 3 and 4.

The legislature could not have foreseen that in 1984 we would overrule our holding in *Allen* and hold that prisoners may file a petition under section 663A.2(5) challenging prison disciplinary proceedings which do not involve a loss of good time. *Davis v. State,* 345 N.W.2d 97 (Iowa 1984).

■ It is clear section 663A.2(6) requires a prisoner to exhaust administrative remedies before filing a petition challenging the disciplinary proceedings that result in the loss of good time. *Aschan v. State,* 446 N.W.2d 791, 792 (Iowa 1989). We must decide if the statutory exhaustion requirement applies to prisoners who challenge disciplinary proceedings that result in disciplinary detention or administrative segregation.

II. *Statutory Interpretation.*

In interpreting statutes we are obliged to seek out the intention of the legislature and to avoid placing upon statutory language a strained, impractical or absurd construction. *Cedar Memorial Park Cemetary Ass'n v. Personnel Assoc, Inc.,* 178 N.W.2d 343, 347 (Iowa 1970). We have said "it is a well-known rule that the manifest intent of the legislature will prevail over the literal import of the words used." *Olsen v. Jones,* 209 N.W.2d 64, 67 (Iowa 1973). At the same time, we must search

for the legislative intent "as shown by what the legislature said, rather than what it should or might have said." Iowa R.App. P. 14(f)(13).

■ It would be both impractical and absurd to require exhaustion of remedies in prison disciplinary proceedings when the punishment is loss of good time but not require exhaustion of remedies where the punishment is disciplinary detention or administrative segregation. We do not think this was the intent of the legislature in its amendments to chapter 663A and its adoption of chapter 903A. It would be both impractical and absurd to require inmates to file their petition in the county where they are confined when the punishment is loss of good time but not impose this requirement when the punishment is disciplinary detention or administrative segregation. We think the legislature intended to provide an orderly and complete postconviction review of prison disciplinary proceedings.

In *Davis* we rejected separate treatment of prison disciplinary proceedings based upon the type of punishment imposed upon the prisoner. We stated:

> [w]e believe that we should now also permit claims of the type which are presented in the present action to be reviewed according to the procedures provided under chapter 663A. It would be unwieldly to require separate actions and different procedures to review prison disciplinary proceedings depending on the type of punishment imposed.
>
> In many of the prison disciplinary proceedings in which judicial review will be sought, forfeiture of good and honor time will be involved but will be coupled with other means of discipline which can be characterized as a substantial deprivation of liberty or property but which are not expressly mentioned as a subject for review under chapter 663A. We therefore approve litigating all such claims involving substantial deprivation of liberty or property interest pursuant to the

procedures of chapter 663A in the county in which the applicant is being confined.

*Davis v. State*, 345 N.W.2d at 99.

Thus, in *Davis* we expanded the scope of chapter 663A based upon the language of the statute, its intended purpose, and the practical consequences of requiring separate actions and different procedures when reviewing prison disciplinary proceedings. For these same reasons we conclude the requirement that a prisoner exhaust the appeal procedure should apply to all prisoner disciplinary proceedings.

We realize a literal reading of chapter 663A might suggest another result. However,

> [t]he duty is imposed on courts to function, in the interpretation of statutes, in a manner more likely to ascertain the real intent of the legislature than would result from arbitrarily adopting the verbiage of a statute, without heeding other indications of legislative intent, and without considering the result of such arbitrary interpretation.... In construing a statute the courts are not confined to the literal meaning of the words.... When great inconvenience or absurd consequences will result from a particular construction that construction should be avoided, unless the meaning of the legislature be so plain and manifest that avoidance is impossible.

*Disbrow v. Deering Implement Co.*, 233 Iowa 380, 392, 9 N.W.2d 378, 384 (1943); *cf. State v. Alexander*, 463 N.W.2d 421 (Iowa 1990) (spurious reference to guilty pleas in rule concerning new trials deemed inconsistent with evident legislative intent to grant relief based on newly discovered evidence).

The district court was correct in dismissing the petition for lack of jurisdiction due to *Richmond's failure to exhaust his administrative appeal.

AFFIRMED.

All Justices concur except SNELL, J., who dissents and is joined by SCHULTZ, J.

SNELL, Justice (dissenting)

I respectfully dissent.

Statutory interpretation begins with the language of the statute itself. Our task is to give effect to the intent of the legislature, and to harmonize interrelated statutes, if possible. *State v. Bessenecker,* 404 N.W.2d 134, 137 (Iowa 1987). When the statutes are plain, we need not search for meaning beyond their express terms. *State v. Iowa Dist. Court,* 419 N.W.2d 398, 399 (Iowa 1988). Legislative intent may be expressed by omission as well as inclusion. *Casteel v. Iowa D.O.T.,* 395 N.W.2d 896, 898 (Iowa 1986). Where legislative intent is revealed by specific references to a certain subsection, the court should not overlook this legislative signal and read into the statute the inclusion of other subsections. *State v. West,* 446 N.W.2d 777, 778 (Iowa 1989).

The State urges that by requiring the exhaustion of administrative remedies in section 663A.2(6), the legislature "likely assumed that it was requiring exhaustion of administrative remedies in all disciplinary reports when it amended 663A.2(6) in 1983." The majority accepts this argument. The problem with this analysis is that section 663A.2(6) is limited specifically to cases in which there has been a loss of good time. This subsection is accorded special treatment throughout chapter 663A. *See, e.g.,* §§ 663A.3, 663A.5, and 663A.7. If the legislature had intended for the exhaustion requirement to apply to subsection 5, it could have amended the language of the statute to reflect that intent. The logical implication of this limited amendment is that the legislature intended it to have limited applicability. I would hold that there is no express or implied exhaustion requirement under section 663A.2(5) and would reverse and remand the case.

SCHULTZ, J., joins in this dissent.