CLINTON POLICE DEPARTMENT BARGAINING UNIT and Ann Meier Bormann, Appellants,

v.

CITY OF CLINTON, Iowa, Appellee.

No. 89–1437.

Supreme Court of Iowa.

Jan. 23, 1991.

G. Wylie Pillers III of Pillers, Pillers & Pillers, P.C., Clinton, for appellants.

Bruce D. Johansen, City Atty., Clinton, for appellee.

Considered by CARTER, P.J., and LAVORATO, NEUMAN, SNELL and ANDREASEN, JJ.

ANDREASEN, Justice.

This case involves an ordinance of the city of Clinton which requires police officers, fire fighters, and certain other essential employees to live within ten miles of the place where they report to work. Ann Meier Bormann (Bormann), a police officer, and the Clinton Police Department Bargaining Unit (the bargaining unit), challenged the ordinance on both statutory and constitutional grounds. The district court denied their challenge of the ordinance. We affirm.

## I. *Background.*

In 1981, the city of Clinton adopted ordinance chapter 1685 section (3)(A) which provides:

All new employees employed by the City of Clinton after adoption of this ordinance must reside within the State of Iowa within sixty (60) days of their first day of work, and must remain a resident of Iowa throughout the period of his/her employment with the City of Clinton. In addition, all policemen, firemen, city electrician and wastewater treatment plant personnel shall reside within ten (10) miles of their place of employment, i.e., where they report for work.

This ten-mile residency requirement has been the prevailing rule in Clinton since 1977 when it was adopted by resolution. The ten-mile limit was the culmination of a series of changes in the residency requirement. Prior to 1970, the city ordinance required police officers to live within the city limits. In 1970, the area in which officers could live was enlarged to include a limited geographic area outside of the city limits.

The enlargement of the residency area was prompted in each instance by the request of a city employee who wished to live outside of the approved area. In addition, prior to the adoption of the ten-mile rule, certain employees were granted exceptions and allowed to live outside the approved area. According to the record, at no time has any employee been allowed to permanently reside more than ten miles away from the place where he or she reports to work.

Bormann began working as a police officer in Clinton in March 1987. She moved to Clinton to comply with the residency requirement. In January of 1989 she requested an exception to the rule so that upon her marriage she could move to the farm of her fiance, approximately eighteen miles from the Clinton Law Enforcement Center. The Clinton City Council Employee Relations Committee, despite a recommendation of approval for an exception from the chief of police, voted to strictly enforce the ten-mile residency requirement.

Bormann and the bargaining unit filed a petition for declaratory judgment in district court. They claim that the ten-mile residency restriction is unconstitutional and contrary to Iowa statutory law. The district court denied the petition and dismissed the action. This appeal followed.

## II. *Statutory Validity.*

■ The type of municipal ordinance involved here is authorized by Iowa Code section 400.17 which states in relevant part:

Employees shall not be required to be a resident of the ,city in which they are employed, but they shall become a resident of the state at the time such appointment or employment begins and shall remain a resident of the state during employment. Cities may set reasonable maximum distances outside of the corporate limits of the city that police officers, fire fighters and other critical municipal employees may live.

■ Bormann and the bargaining unit claim that the statute, by allowing reasonable maximum distances, imposed upon the city a requirement that the city make a factual determination of what the maximum possible distance could be and then structure the ordinance in conformance with that finding. This is not what the statute means. In interpreting statutes we are obliged to seek out the intention of the legislature and to avoid placing upon statutory language a strained, impractical or absurd construction. *Richmond v. State,* 464 N.W.2d 125 (1990). We search for the legislative intent as shown by what the legislature said. Iowa R.App.P. 14(f)(13) (1990).

The statute's clear meaning is that the city may establish a maximum distance for residency purposes so long as that distance is reasonable. There is no requirement, as Bormann and the bargaining unit suggest, that the city "undertake an investigation or study of the needs of the community, potential emergencies and maximum manpower demands of the city." The city established a maximum distance of ten miles; if ten miles is a reasonable distance, section 400.17 is satisfied.

In determining reasonableness we show deference to the judgment of legislative bodies. *City of Council Bluffs v. Cain,* 342 N.W.2d 810, 813 (Iowa 1983). The burden is on Bormann and the bargaining unit to prove that the ten-mile distance is unreasonable. *Id.* They have not met this burden. The ordinance, on its face, does not exceed the statutory authority given cities under section 400.17. While clearly the ideal maximum distance is a point upon which reasonable minds may disagree, Bormann and the bargaining unit have not clearly demonstrated that ten miles is unreasonable. We agree with the district court that the ten-mile maximum distance established by the Clinton city ordinance is reasonable. Therefore, Iowa Code section 400.17 is not offended.

## III. *Constitutional Claim.*

In their petition, Bormann and the bargaining unit allege the enforcement of the ordinance denied them equal protection of the law under the fourteenth amendment to the Constitution of the United States and article I, section 6 of the Constitution of

the State of Iowa. Although we question whether the equal protection challenge was preserved on appeal, we will address the issue.

■■■ The equal protection challenge of the residency requirement for municipal employment is tested by the rational basis standard. *Andre v. Board of Trustees*, 561 F.2d 48, 50 (7th Cir.1977) *cert. denied*, 434 U.S. 1013, 98 S.Ct. 727, 54 L.Ed.2d 756 (1978); *Wright v. City of Jackson*, 506 F.2d 900, 903 (5th Cir.1975). Under the rational basis analysis, a statute is constitutional unless it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. *Bennett v. City of Redfield*, 446 N.W.2d 467, 474 (Iowa 1989). The burden is on the attacker to prove beyond a reasonable doubt that the statute violates equal protection concepts. *Id.* A municipal ordinance is subject to the same principles as those applied to a statute. *Baker v. City of Iowa City*, 260 N.W.2d 427, 430 (Iowa 1977).

■■ A municipal employee residence requirement bears a rational relationship to one or more legitimate purposes and is constitutional under the traditional equal protection test. 16B C.J.S. *Constitutional Law* § 834, at 782 (1985). Generally, where there is statutory authority to enact continuous residency requirements for police officers and fire fighters, such regulations have been sustained. *McCarthy v. Philadelphia Civil Serv. Comm'n*, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366 (1976); *Detroit Police Officers Ass'n v. City of Detroit*, 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227 (1972), *dismissing for lack of substantial federal question, Detroit Police Officers Ass'n v. City of Detroit*, 385 Mich. 519, 190 N.W.2d 97 (1971); *Guttu v. City of East Grand Forks*, 294 N.W.2d 735 (Minn.1980); *Berg v. Minneapolis*, 274 Minn. 277, 143 N.W.2d 200 (1966); 16A E. McQuillin, *Municipal Corporations* § 45.32, at 172 (3d Ed.1988); Annotation, *Validity, Construction and Application of Enactments Relating to Requirement of Residency Within or Near Specified Governmental Unit as a Condition of Continued Employment for Police Officers or Fire fighters*, 4 A.L.R. 4th 380 (1981).

Courts that have addressed the equal protection challenge have identified numerous purposes and goals that bear a rational relationship to a residence requirement for critical municipal employees. They include enhancing community safety because employees are in a position to respond more quickly to emergency calls, improving employee performance since the employee has a stake in the community, enhancing the tax base and local economy by increasing the likelihood of the employee's wages being spent within the city, improving community attitudes and cooperation, increasing loyalty to the community, and reducing absenteeism.

Under Iowa law a city has authority to adopt an ordinance establishing a residence requirement for police officers. Iowa Code § 364.1 (city home rule); § 400.17. The ordinance adopted by the city of Clinton was a valid exercise of the power granted to the city. We agree with the district court's finding that Bormann and the bargaining unit failed in their constitutional challenge to negate every reasonable basis upon which the ordinance may be sustained.

AFFIRMED.