# IN THE COURT OF APPEALS OF IOWA

No. 16-0860
Filed February 22, 2017

**CHARLES NICHOLES,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse,

Judge.


        The applicant appeals the district court decision denying his application for

postconviction relief from his conviction for indecent exposure.  **AFFIRMED.**


        Susan R. Stockdale, Windsor Heights, for appellant.

        Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant

Attorney General, for appellee State.


        Considered by Vaitheswaran, P.J., and Potterfield and Bower, JJ.

**BOWER, Judge.**

Charles Nicholes appeals the district court decision denying his application for postconviction relief from his conviction for indecent exposure. Nicholes's application was filed more than three years after his conviction. Because his conviction is based on his guilty plea, the recantation of one of the witnesses does not constitute a ground of fact or law, which could not have been raised within the applicable time period. We affirm the decision of the district court granting the State's motion for summary judgment.

## I.    Background Facts & Proceedings

On January 20, 2005, Nicholes was charged with five counts of indecent exposure. According to the minutes of testimony, one of the witnesses, T.N., who was then eight years old, would testify, "[O]n January 5, 2005, the defendant pull[ed] down his pants and exposed his genitals to the witness; that the defendant laughed after he exposed himself; that the defendant told the witness not to tell anyone or he would not give them piggyback rides anymore." The minutes state two other witnesses, who were then nine and seven years old, "will testify to substantially the same facts and circumstances as [T.N.]." T.N.'s mother, K.N., wrote a letter stating T.N. told her Nicholes pulled down his pants in front of her and then laughed.

Nicholes signed a written guilty plea to one count of indecent exposure, in violation of Iowa Code section 709.9 (2005), a serious misdemeanor, and the State agreed to dismiss the other charges against him. In the written guilty plea, Nicholes wrote, "I did expose genitals or pubes to another not my spouse for the purpose of arousing or satisfying the sexual desires of myself." The court

accepted his guilty plea. Nicholes was sentenced on March 17, 2005. He did not appeal his conviction.

On May 21, 2015, Nicholes filed an application for postconviction relief, claiming his conviction should be overturned because, "witnesses who were present during said crime will testify to the fact that said crime never occurred." On October 28, 2015, T.N. signed an affidavit stating, "When Charles Nicholes rolled off the couch his penis very briefly and accidentally slipped out from the front part of his pants." She stated he quickly adjusted himself and apologized. She reiterated her statement in a deposition. K.N. was also deposed and she acknowledged she was not present during the incident, but stated, "Everyone is in agreement that he was sleeping on the couch; he rolled over and it fell out."

The State filed a motion for summary judgment, stating Nicholes's application was untimely under section 822.3 because it was filed more than three years after his conviction. The district court granted the motion for summary judgment, stating "when an applicant originally pled guilty to a crime, newly-discovered evidence of recantation of a witness's statement does not constitute a 'ground of fact or law' that could not have been raised within the three-year statute of limitations of section 822.3."[1] The court found, "The alleged recantation is merely evidence in support of a factual claim that the Applicant is

---

[1] The district court found *Walters v. State*, No. 12-2022, 2014 WL 69589, at *6 (Iowa Ct. App. Jan. 9, 2014), to be persuasive, although the court noted it was unpublished and did not constitute controlling legal authority. *See* Iowa R. App. P. 6.904(2)(c). *Walters* addressed a similar issue and held "a conviction based on a guilty plea that satisfied all legal requirements cannot be successfully challenged in a postconviction proceeding by claiming an alleged victim recantation is new evidence." 2014 WL 69589, at *6. *See also, e.g., Schmidt v. State*, No. 15-1408, 2016 WL 4384697, at *1 (Iowa Ct. App. Aug. 17, 2016) ("[B]ecause Schmidt's convictions were entered following his guilty pleas, he cannot challenge those convictions in a PCR action on the basis of newly discovered evidence in the form of his victim's alleged recantation.").

innocent. The Applicant undisputedly waived his claim of innocence when he pled guilty in 2005." Additionally, the court found Nicholes could have discovered the alleged newly-discovered evidence within three years after his conviction. Nicholes appeals the district court decision.

## II. Standard of Review

In general, we review the district court decision in postconviction proceedings for the correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). When considering a claim a case is untimely under the statute of limitations found in section 822.3, "we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.*

## III. Discussion

Nicholes claims the district court should have granted his application for postconviction relief because he presented newly discovered evidence, which he states was a ground of fact that could not have been raised within the three-year period after his conviction. He claims the district court should have denied the State's motion for summary judgment.

Summary judgment in a postconviction proceeding may be granted "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. "The moving party has the burden of showing the nonexistence of a material fact and the court is to consider

all materials available to it in the light most favorable to the party opposing summary judgment." *Manning v. State*, 654 N.W.2d 555, 560 (Iowa 2002).

The Iowa Supreme Court has stated, "Notions of newly discovered evidence simply have no bearing on a knowing and voluntary admission of guilt." *State v. Alexander*, 463 N.W.2d 421, 423 (Iowa 1990). This is because "a plea of guilty 'waives all defenses or objections which are not intrinsic to the plea itself.'" *Id.* at 422 (citation omitted). "Thus, new evidence, unless it is 'intrinsic to the plea itself,' does not provide grounds to withdraw a guilty plea." *State v. Speed*, 573 N.W.2d 594, 596 (Iowa 1998) (citation omitted). "Any subsequently-discovered deficiency in the State's case that affects a defendant's assessment of the evidence against him, but not the knowing and voluntary nature of the plea, is not intrinsic to the plea itself." *Id.*

We find the district court did not err in concluding the evidence of recantation by one of the witnesses cannot be considered newly discovered evidence under the circumstances of the case. Nicholes's guilty plea waived his claim of innocence and all defenses and objections not intrinsic to the plea itself. The alleged newly discovered evidence is not intrinsic to the plea itself, and therefore, does not provide grounds to overturn Nicholes's guilty plea. We determine the district court properly granted summary judgment to the State in this action for postconviction relief.

**AFFIRMED.**