Dale A. DAVIS, Appellee,

v.

STATE of Iowa, Appellant.

No. 83–437.

Supreme Court of Iowa.

Feb. 15, 1984.

Thomas J. Miller, Atty. Gen., and Mark Hunacek, Asst. Atty. Gen., for appellant.

C.J. Krogmeier, West Point, for appellee.

CARTER, Justice.

Appellee Dale A. Davis is serving a life sentence at the Iowa State Penitentiary. On January 20, 1982, he received a disciplinary notice alleging that he had violated a penitentiary rule by participating in the murder of an inmate. On January 25, 1982, following a disciplinary hearing, Davis was found guilty of the offense charged. The disciplinary committee determined that he should be penalized by thirty-six months in administrative segregation plus loss of television, radio, and tape player privileges for the same period of time. The disciplinary committee made a statement of the evidence upon which it relied in finding Davis guilty, but did not give a statement of the reasons for the particular penalty imposed.

On June 1, 1982, Davis filed a pro se application for postconviction relief alleging numerous due process violations and defects in the institutional disciplinary proceeding. Following the appointment of counsel, a hearing was held before the district court. On February 23, 1983, the district court filed its decision on the application for postconviction relief, finding in favor of the state on most of the grounds urged. The court did find in appellee's favor, however, with respect to the assertion that the committee was required to state its reasons for the particular penalty imposed. The district court held that this failure constituted a violation of prison disciplinary procedural rule 804(C)(12), which finds its genesis in an order filed by the United States District Court for the Southern District of Iowa in *Kane v. Brewer*, Civ. No. 73–153–1, on May 30, 1974. The court further found that as a result of this violation of certain specific provisions of rule 804 Davis was entitled to have the violation in question expunged from his records and be reinstated to his pre-report status.

The state has appealed from the district court's order and asserts that: (1) the trial court improperly considered a postconviction application under Iowa Code chapter 663A with respect to an occurrence where that statute has not been made applicable; (2) that the trial court erred in concluding that rule 804(C)(12) required the prison disciplinary committee to give appellee a written statement of the reasons why a particular penalty was imposed; and (3) that the trial court erred in concluding that the violation, if any, warranted expungement of the violation from appellee's record and reinstatements to his pre-report status. We consider such of these matters as we deem essential to the resolution of this appeal.

I. *Propriety of Appellee's Action Under Chapter 663A.*

At the outset we consider the state's contention that because the sanctions imposed on Davis did not involve a situation wherein reduction of sentence pursuant to section 246.39 or section 246.43 had been unlawfully forfeited, the remedies of chapter 663A are not available to him. This contention was advanced in the trial court and rejected in that court.

The state's position on this issue is that subsection (6) of Iowa Code section 663A.2 (1983) is the only provision which allows the bringing of an action for postconviction relief in order to challenge the actions of a prison disciplinary committee. This subsection was added to the statute by an amendment in 1981 (Iowa Acts 1981 ch. 198, §§ 1, 2).

The 1981 amendment to section 663A.2 provides:

Any person who has been convicted of, or sentenced for, a public offense and who claims that:

. . . .

6. The person's reduction of sentence pursuant to section 246.39 or section 246.43 has been unlawfully forfeited;

. . . .

may institute, without paying a filing fee, a proceeding under this chapter to secure relief.

The State urges that there is no basis for enlarging this provision to include imposition of prison discipline not involving forfeiture of sentence reductions under sections 246.39 and 246.43. It contends that express enumeration in the amendment of the subjects to which the provisions of the act are directed implies the exclusion of additional subjects.

In meeting this argument, petitioner relies on the language in subsection (5) of section 663A.2 which provides for postconviction review if the convicted person "is otherwise unlawfully held in custody or other restraint." It is claimed that this language permits a challenge to the imposition of administrative segregation without due process or in violation of a prison rule.

■ The language in subsection (5) upon which petitioner relies was contained in the postconviction act when we said in *Allen v. State*, 217 N.W.2d 528, 531 (Iowa 1974) that challenges to prison disciplinary procedures were not reviewable by an action for postconviction relief. We now conclude, however, that substantial reasons exist for departing from the position taken in *Allen* with respect to postconviction review of the actions of prison officials which involve a substantial deprivation of liberty or property rights.

Surely, state courts must stand ready to adjudicate such claims in some manner. Speaking of related problems, the special committee on habeas corpus of the Conference of Chief Justices stated:

If any proposition can be stated dogmatically in this field it is this: the state courts must provide post-conviction corrective process which is. at least as broad as the requirements which will be en-forced by the federal courts .... a state can call this remedy whatever it wants, but it must provide some corrective process. .

*Report of the Special Committee on Habeas Corpus of the Conference of Chief Justices* (1953). In *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751 (Iowa 1979), we permitted deprivations of this type to be reviewed by means of writ of habeas corpus.

We have recognized that our postconviction act supplements to some extent the common law writ of habeas corpus to the extent that it provides an equivalent substitute. *See Emery v. Fenton*, 266 N.W.2d 6, 10 (Iowa 1978); *McElhaney v. Auger*, 238 N.W.2d 797, 799 (Iowa 1976). Those conclusions were reached with respect to attacks on the validity of a criminal conviction. We believe that we should now also permit claims of the type which are presented in the present action to be reviewed according to the procedures provided under chapter 663A. It would be unwieldly to require separate actions and different procedures to review prison disciplinary proceedings depending on the type of punishment imposed.

In many of the prison disciplinary proceedings in which judicial review will be sought, forfeiture of good and honor time will be involved but will be coupled with other means of discipline which can be characterized as a substantial deprivation of liberty or property but which are not expressly mentioned as a subject for review under chapter 663A. We therefore approve litigating all such claims involving substantial deprivation of liberty or property interests pursuant to the procedures of chapter 663A in the county in which the applicant is being confined.

The state separately argues in the present case that the sanctions imposed upon petitioner are not a proper subject for judicial interference because administrative segregation is within the discretion of prison authorities in regard to carrying out their responsibilities for housing the prison population. In support of this contention,

it relies on *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). We find no merit in this argument where, as here, the order for administrative segregation was expressly imposed as punishment for a violation of prison rules. *Hewitt* involved nonpunitive administrative segregation and does not support the state's contentions.

## II. *Application of Rule 804(C)(12).*

Two provisions of rule 804 are relied on by petitioner with regard to the issues presented in this appeal. Rule 804(C)(12) provides that upon entry of a decision by a prison disciplinary committee:

> The inmate shall be immediately advised of the decision, the disposition, and *the reasons for the disposition,* and shall be furnished a written statement of the fact findings as to the evidence relied upon and *the reasons for the disciplinary action taken ...*

(emphasis supplied). Petitioner asserts that this requires a separate statement of reasons as to why the particular sanction was imposed in addition to the reasons for finding him guilty of the violation charged.

He further contends that for the violation of rule 804(C)(12) in not giving reasons for the disposition or disciplinary action, he is entitled to the relief prescribed by rule 804(E). That rule provides:

> If an alleged rule violation is not adjudicated in accordance with the due process procedures set forth in this Section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

■ Because petitioner's status in seeking enforcement of these rules is that of a litigant entitled to relief under a court decree, we could choose to relegate him to the court which issued that decree in order to obtain relief. While that might be appropriate in some cases where difficult issues of interpretation are involved, we decline to take such action in the present case. Issues concerning the application of these rules are likely to be presented in a number of cases for which review is sought in the state courts. Many of such cases may combine claims with respect to rights under rule 804 and other rights which flow from state or federal laws of general application. We believe that in most instances it is preferable to provide a forum where all of these claims may be adjudicated in the same court and that the state courts should normally be available for that purpose.

■ Under our decisions in *Picard v. State,* 339 N.W.2d 368 (Iowa 1983) and *Thomas v. State,* 339 N.W.2d 166 (Iowa 1983), a separate statement of reasons for the particular discipline imposed is not mandated by the requirements of procedural due process under the fifth amendment if the factual finding on the alleged violation clearly constitutes the reason for the discipline imposed. The court which issued the decree in *Kane v. Brewer,* however, has ruled, in a September 30, 1982 clarifying order issued in that case, that a separate statement of reasons for the particular sanction imposed is required by rule 804(C)(12) notwithstanding that this may exceed the requirements of due process. Because that court gave sanction to this rule in the first instance, it is in the best position to determine its meaning. We therefore conclude that petitioner's contention that rule 804(C)(12) has been violated with respect to the statement of the disciplinary committee in the present proceeding is well taken.

## III. *Relief to Which Petitioner Is Entitled.*

Petitioner contends that because his punishment was not adjudicated in accordance with the procedural requirements of rule 804(C)(12) and the state is enjoined from conducting prison disciplinary proceedings in contravention of that rule, he is entitled to the relief specified in rule 804(E). The provisions of that rule which we have previously quoted provide that with respect to

claims not adjudicated in accordance with the various provisions of section [rule] 804 as set forth in the federal court decree, all records of the alleged violation shall be expunged from the inmate's files. Implicit in that rule is a disposition which returns the inmate to his pre-report status and free from the sanctions which had been imposed.

In Kelly v. Nix, 329 N.W.2d 287, 292–93 (Iowa 1983), we interpreted a clarifying order issued by the federal court in Kane v. Brewer on September 30, 1982, as providing that expungement of the incident report was not required with respect to insubstantial and non-prejudicial violations. The state urges that the violation of rule 804(C)(12), if any, in the present case, is insubstantial and does not warrant the remedy of expungement. We agree that expungement is not warranted but for a different reason. Rule 804(E) upon which petitioner and the district court relied in providing the remedy of expungement specifies that this shall be the remedy where the "alleged rule violation" is not adjudicated in accordance with the section [rule] 804 procedures set forth in the federal court decree. The violation of rule 804(C)(12) which we have found to exist in the present case does not in any manner affect the adjudication of the rule violation which has been charged against petitioner. It only affects the sanction which was imposed following the disciplinary committee's finding that petitioner was guilty of such violation. Accordingly, the application of rule 804(E) in determining the relief to be afforded is inappropriate based upon the clear language of that rule.

We conclude that the relief to which petitioner is entitled is to require the disciplinary committee to expand its written decision so as to separately state its reasons for the sanctions imposed. Upon failure to timely do so, or, if the reasons given are believed to be legally insufficient, petitioner may bring a supplemental action for postconviction relief. The decision of the district court is affirmed in part, reversed in part and remanded for an order consistent with this opinion.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED.