**Lyle C. BAKER, Appellee,**

v.

**STATE of Iowa, Appellant.**

**No. 84–590.**

Supreme Court of Iowa.

March 20, 1985.

Thomas J. Miller, Atty. Gen., and Mark Hunacek and John Parmeter, Asst. Attys. Gen., for appellant.

Gregory J. Humphrey of Saunders, Humphrey, Johnson & Hoyer, Fort Madison, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McCORMICK, McGIVERIN, and LARSON, JJ.

McGIVERIN, Justice.

Respondent State of Iowa appeals from a summary judgment and order directing expungement of a disciplinary report from the file of petitioner Lyle C. Baker, an inmate of the Iowa State Penitentiary who is currently on parole. For the reasons discussed below, we reverse and remand.

The facts are undisputed. On June 4, 1982, after a hearing before a prison disciplinary committee, Baker was found guilty of escaping from the penitentiary in violation of penitentiary rule 9. As punishment, he was sentenced to fifteen days detention in the prison's security unit and loss of all the "good time" and "honor time" he had accumulated.

Baker subsequently filed this proceeding in district court for postconviction relief from the punishment imposed. Iowa Code

ch. 663A (1981). He alleged that he had been placed in administrative segregation from the evening of May 28 to the afternoon of June 1 without receiving notice of the disciplinary proceedings against him, and that such segregation without notice violated penitentiary rule 804. Baker was released from administrative segregation three days before the disciplinary committee held a hearing and found him guilty of escape. He did not allege that the segregation hampered his ability to gather evidence, call witnesses, or otherwise defend himself before the committee against the charge of escape.

Shortly after Baker filed his application for postconviction relief, prison officials administratively reversed the disciplinary committee's adjudication of guilt and restored all of Baker's good time and honor time. The State then moved for dismissal of Baker's application, contending that the issues it presented had been rendered moot by the prison officials' actions. Baker resisted dismissal, maintaining that further action by prison officials was required under penitentiary rule 804(E). That rule reads:

> If an alleged rule violation is not adjudicated in accordance with the due process procedure set forth in this Section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

In this case, the disciplinary report pertaining to the charge of escape was not expunged from Baker's prison record. His record indicates that a disciplinary sanction was imposed but subsequently dismissed. Baker contended that because his preadjudication segregation violated another section of rule 804, rule 804(E) mandated complete expungement of the disciplinary report and the sanction from his record.

The case was submitted to the district court on a stipulation of facts. Both par-

ties moved for summary judgment. Iowa Code § 663A.6; Iowa R.Civ.P. 237. The State's motion contended that Baker's application for postconviction relief should be denied because rule 804(E) did not require expungement of the disciplinary report and its dismissal from his records. The court denied the State's motion and granted Baker's motion, ordering that all records of the disciplinary proceedings relating to the escape charge be expunged from Baker's prison records. This appeal by the State followed.

Penitentiary rule 804 was developed by prison officials pursuant to a mandate of the United States District Court for the Southern District of Iowa, which determined that the rule provided adequate procedural due process for prison disciplinary proceedings. *See Kelly v. Nix*, 329 N.W.2d 287, 290 (Iowa 1983). The rule generally sets out procedures for adjudicating alleged violations of prison rules by inmates, and provides that, if an alleged violation is not adjudicated according to the rule, all records of the alleged violation must be expunged. *Id.*

Baker contends that because the preadjudication segregation violated rule 804, the records relating to the escape charge must be expunged. This contention fails to take into account the order entered by the federal district court on September 30, 1982, pertaining to the proper application of rule 804(E).

That order provided that not every violation of rule 804 triggers the expungement provision of rule 804(E). The court noted that in some instances rule 804 provides protection for inmates above and beyond the requirements of minimum due process. It then stated that when deviations from rule 804 are not substantial, expungement is not required because "[t]he court believes that the title [of rule 804(E)] indicates an intent on the part of the drafters of Rule 804(E) that the provision would not apply to insubstantial and nonprejudicial violations of [Rule] 804." *Kane v. Brewer*, Civ. No. 73–153–1 (S.D.Iowa, September 30,

1982), *quoted in Kelly v. Nix,* 329 N.W.2d at 293.

We are, therefore, faced with the question of whether the rule 804 violation that is alleged by Baker to have occurred in this case was insubstantial and nonprejudicial. We believe that it was. Baker has never claimed or produced evidence that the allegedly improper segregation prejudiced his ability to gather evidence, call witnesses, or otherwise make a case in his defense of the escape charge before the prison disciplinary committee. It is not alleged that the rule violation complained of affected in any way the integrity of the committee's adjudication of guilt. This is the sort of rule 804 violation which was held by this court to be insubstantial and nonprejudicial in *Kelly,* 329 N.W.2d at 293, and *Davis v. State,* 345 N.W.2d 97, 101 (Iowa 1984). It is equally so in this case. The district court erred in granting Baker's motion for summary judgment. On this record, we conclude that as a matter of law Baker is not entitled to expungement under rule 804(E).

Under our view of the case, it is unnecessary to discuss other contentions made by the parties. The case is reversed and remanded to the district court with directions to overrule Baker's motion for summary judgment and to sustain the motion for summary judgment by respondent State of Iowa.

REVERSED AND REMANDED.