**Lloyd T. ALLEN, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 86–1567.**

Supreme Court of Iowa.

Jan. 20, 1988.

Charles L. Harrington, Appellate Defender, James F. Whalen, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., Layne M. Lindebak and Sarah J. Coats, Asst. Attys. Gen., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

CARTER, Justice.

Postconviction applicant, Lloyd T. Allen, appeals from a district court judgment sustaining in part and denying in part his application for relief from prison disciplinary sanctions.

On July 18, 1985, applicant received a disciplinary report informing him that he was being charged with violating Prison Rule 5 (escape) and Prison Rule 41 (attempted escape). On July 25, 1985, a disciplinary committee found applicant guilty of violating both rules 5 and 41. As a disposition, he was given fifteen days of disciplinary sanction, one year of administrative segregation, and forfeited three hundred sixty-five days good time. Applicant filed an administrative appeal which was denied. He then appealed to the Director of the Department of Corrections who denied relief.

Applicant's postconviction application to the district court resulted in that court granting him relief from the finding of the disciplinary committee that he had been guilty of escape. That result stemmed from the court's conclusion that there was no evidence indicating applicant or any of his accomplices had absented themselves from their proper place of confinement. Based on this determination, the district court ordered that the finding of guilt on the escape charge be set aside and the matter remanded to prison authorities for imposition of new sanctions based only on a violation of rule 41.

Notwithstanding the district court's grant of partial relief, applicant contends on appeal that the court erred in remanding his case to the disciplinary committee for reimposition of sanction. He contends that the proper relief required expungement of all disciplinary reports and complete restoration of his prereport status. He also contends on this appeal that: (1) the district court erred in not concluding that the prison disciplinary procedures were violative of his due process rights and specific prison rules, (2) his disciplinary proceeding was not processed within the time requirements specified in prison rules, (3) there is insufficient evidence to find him guilty of

any violation, and (4) counsel for the State were guilty of misconduct in refusing to disclose, prior to the time of the postconviction hearing, that the confidential informant whose evidence was used at the disciplinary proceeding was deceased thereby affording applicant an opportunity to request the release of the informant's testimony before the committee. Upon our review of the record, we affirm the judgment of the district court.

### I. *Entitlement of Expungement of Disciplinary Report and Restoration of Prereport Status.*

Applicant argues that the district court erred in not following the mandates of rule 804(e) as embraced in the *Kane v. Brewer* consent decree. We have previously considered the effect of the federal consent decree in *Davis v. State,* 345 N.W.2d 97, 101 (Iowa 1984), and *Kelly v. Nix,* 329 N.W.2d 287, 293 (Iowa 1983). With respect to the matter at issue, the consent decree provided:

> If an alleged rule violation is not adjudicated in accordance with the due process procedures set forth in this Section, no punishment may be imposed for such rule violation, and all records of the alleged violation, including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be subject to review by the Board of Parole.

For reasons which have not been made clear, that rule has been redrafted and appears in a slightly different form in *Rules, Regulations and Disciplinary Procedures for the government of the Iowa State Penitentiary Inmates.* The amended rule now reads:

> If an alleged rule violation is not adjudicated in accordance with the procedures contained in this manual of disciplinary policies and procedures, no punishment may be imposed for such rule violations, and all records of the alleged violation including the reporting officer's incident report, shall be expunged from the inmate's treatment and legal files and from any other records which may be

subject to review by the Board of Parole PROVIDED HOWEVER: (1) That insubstantial and nonprejudicial deviations from these procedures shall not preclude punishment or require expungement. . . .

Regardless of whether applicant's contentions are considered under the language of the original consent decree or the amended prison rule, we conclude that the district court's grant of relief was sufficient. As we observed in *Davis,* 345 N.W. 2d at 101, the remedy of expungement is designed to preclude unwarranted collateral consequences from determinations arrived at with less than the requisite procedural fairness. As such, we do not believe it fits the situation where one of two charges is overturned because the finding of guilt rests upon an insufficient quantum of supporting proof.

The order of the district court overturning the committee's finding of escape has all of the salutory features that an expungement of that finding would have and results in the record accurately reflecting the extent of applicant's involvement in the planned escape. It is not appropriate to return the applicant to his prereport status because the charges of the report were partially sustained.

### II. *Notice of Charges and Adequacy of Findings.*

Applicant next claims he was not given sufficient notice of the charges against him to satisfy his due process rights or specific rights under prison rules. The record reflects he received notice seven days before the hearing informing him that approximately three weeks prior to July 5, 1985, while an inmate at the Bennett facility, he had conspired with three other inmates to escape. This was the gravamen of the violation with which he was charged and found guilty. We conclude that the notice was adequate to satisfy due process and specific rule requirements.

Applicant also challenges the adequacy of the committee's findings on the violations charged. Because the district court overturned the finding on the escape

charge, we need consider only the committee's determination on the issue of attempted escape. The findings of the committee were as follows:

For approximately three weeks prior to July 5, 1985, inmate Allen along with other JBCC inmates were planning to escape from JBCC by cutting through the fence. This [finding] is based on confidential information found to be reliable, which cannot be disclosed to inmate for safety of the informant.

Evidence relied on:

Written report of Captain Burton containing confidential information found to be reliable. Disposition is based on extremely serious action in planning an escape.

*Disposition:* 15 days disciplinary detention, loss of 365 days good time, plus one year administrative segregation.

Because the determination had been made that the confidential information contained in Captain Burton's report would not be made available to applicant, we conclude that the disclosure of findings and the information upon which it was based was adequate under the circumstances.

Although applicant contends that the State has failed to establish the need for confidentiality of the informant's evidence, we disagree with that contention. The State must consider the need to provide for reasonable personal safety of inmates who inform with respect to prison violations. *Wolff v. McDonnell,* 418 U.S. 539, 562, 94 S.Ct. 2963, 2978, 41 L.Ed.2d 935, 954 (1974).

III. *Untimely    Processing    of    the Charge.*

We next consider plaintiff's claim that his hearing was not processed within the time limits prescribed by prison rules. In this regard, he relies on rule III(D(1):

The Security Director or designated official will schedule the disciplinary hearing for a time after the twenty-four (24) hour notice period, unless the accused inmate waives in writing the notice period. The hearing shall be held within four working days of the discovery of the alleged rule violation and the accused inmate's responsibility for the violation unless

a. The inmate requests a continuance for further investigation or other cause;

b. The disciplinary authority continues the hearing for further investigation or other good cause;

c. Summary action, such as placement in administrative segregation, has been taken against the inmate in connection with the alleged incident ...;

d. The inmate is not available for a hearing; or

e. The matter has been referred to the County Attorney or other prosecuting authorities for investigation and possible prosecution as a criminal offense.

Rule V(C)(9) provides:

When summary action has been taken, the hearing must be held within two (2) working days of the summary action, unless (a) the inmate requests an extension; (b) the disciplinary authority continues the hearing not to exceed 2 working days, for further investigation or other good cause; or (c) the incident causing the summary action has been referred to the County Attorney or other prosecuting authorities for investigation of possible criminal prosecution.

■ The record reflects that on July 11, 1985, applicant received a summary segregation notice which informed him that he was confined to his cell because of an investigation that was in progress. On July 15, 1985, he received notice of a decision to continue his segregation pending further investigation. On July 18, 1985, he again received a summary segregation notice. The latter notice informed him that he was being placed in segregation because he might "be a threat to the security and tranquility and good order of the institution." Applicant's hearing was held on July 25, 1985.

We find the record sustains the State's conclusion that applicant's hearing did not need to be held within four days of discovery of the alleged rule violation because further investigation was required. This circumstance, we believe, constitutes good cause for delay under rule III(D)(1)(a). Summary action was not taken until July 18, the date applicant received the discipli-

nary report. Prior to this time, his confinement in his cell was nonpunitive for reasons of security and thus not subject to the rules upon which he relies. *See Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir.1984). There was no violation of the time requirements for processing the charges.

### IV. *Sufficiency of Evidence to Support Findings.*

█ Applicant contends the record is insufficient to support a finding that he violated any disciplinary rule. In arriving at its findings, the disciplinary committee considered a confidential information statement later examined *in camera* by the district court. It states applicant was involved with three other inmates in planning an escape from the Bennett facility by cutting through a fence. The informant identified the inmates involved. The informant stated he had been approached in the matter because he was in a position to supply the tools necessary to cut through the fence. In addition, the evidence indicated the informant owed gambling debts to the persons who had approached him. Investigators determined that there was a circumstantial probability of reliability in the informant's statements. He was given a polygraph examination concerning these events which produced satisfactory results.

Viewing the record as a whole, we conclude the disciplinary committee was entitled to rely on the information received from the confidential informant and to disbelieve applicant's denial of his involvement in the escape plan. *See Wilson v. Farrier*, 372 N.W.2d 499, 502 (Iowa 1985). In postconviction proceedings, due process is satisfied if "some evidence" supports the decision of the disciplinary board. *Walpole v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 2773, 86 L.Ed.2d 356, 385 (1985).

### V. *Failure to Disclose Death of Confidential Informant.*

█ Finally, applicant urges the State was under a duty to disclose the death of the confidential informant prior to the time of the postconviction hearing to afford him an opportunity to request the release of the informant's testimony before the committee.

The record reflects that the confidential informant upon whose testimony the applicant was charged died of natural causes in February 1986 at a prison hospital facility in Clarinda, Iowa. The district court postconviction proceedings commenced on September 8, 1986. Prior to that time, applicant had attempted to subpoena the informant, a circumstance which suggests he had learned of his identity. The sheriff made a return of service indicating that the subpoena could not be served at the penitentiary because the inmate had been transferred to Clarinda. The applicant made no further attempt to subpoena the informant at Clarinda.

On the day of the postconviction hearing, counsel for the State advised applicant's counsel that the informant was deceased. Applicant made no effort upon learning this information to seek a release of confidential information and proceeded to trial on the basis of having the district court make an *in camera* inspection of the same confidential information which had been presented to the disciplinary committee.

We fail to see how applicant's failure to learn of the informant's death prior to the day of the postconviction hearing affords him any basis for additional relief beyond that which was granted to him in the district court's order. The validity of the proceedings of the disciplinary committee must be adjudicated based upon the circumstances existing at the time the hearing was held. The need to maintain confidentiality of the informant's statements at that time has been established by the State. The applicant has stated no reason as to how the informant's subsequent death could taint the fairness of that proceeding.

We have considered all arguments urged by the applicant in support of additional relief and conclude that they are without merit. The judgment of the district court is affirmed.

AFFIRMED.