# IN THE COURT OF APPEALS OF IOWA

No. 13-1527
Filed October 14, 2015

**TROY P. SHEARON,**
      Petitioner-Appellant,

**vs.**

**IOWA BOARD OF PAROLE,**
      Respondent-Appellee.
_____

      Appeal from the Iowa District Court for Polk County, Karen A. Romano,

Judge.


      Petitioner appeals the district court decision denying his petition for judicial

review of the Iowa Board of Parole's denial of his claims concerning commutation

of sentence.  **AFFIRMED.**


      Troy P. Shearon, Newton, pro se.

      Thomas J. Miller, Attorney General, and John R. Lundquist, Assistant

Attorney General, for appellee.


      Considered by Doyle, P.J., Mullins, J., and Mahan, S.J.*

      *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Petitioner Troy Shearon appeals the district court decision denying his petition for judicial review of the Iowa Board of Parole's denial of his claims concerning commutation of sentence. Shearon has not shown an amendment to Iowa Code section 902.2 (2011), addressing commutation procedures for class "A" felons, violated his due process or equal protection rights. We affirm the decision of the district court.

## I. Background Facts & Proceedings.

In 1988 Shearon was convicted of first-degree murder and first-degree robbery. *State v. Shearon*, 449 N.W.2d 86, 86 (Iowa Ct. App. 1989). Pursuant to Iowa Code section 902.1 (1987), he was sentenced to life in prison and was not eligible for release on parole unless the governor commuted his sentence to a term of years. *See Lyon v. State*, 404 N.W.2d 580, 583 (Iowa Ct. App. 1987).

At the time of Shearon's conviction section 902.2 provided:

> The board shall interview a class "A" felon within five years of the felon's confinement and regularly thereafter. If, in the opinion of the board, the person should be considered for release on parole, the board shall recommend to the governor that the person's sentence be commuted to a term of years. If the person's sentence is so commuted, the person shall be eligible for parole as provided in chapter 906.

Section 902.2 was amended in 1995. *See* 1995 Iowa Acts ch. 128, § 1. As amended it provides:

> A person who has been sentenced to life imprisonment under section 902.1 may, no more frequently than once every ten years, make an application to the governor requesting that the person's sentence be commuted to a term of years. The director of the Iowa department of corrections may make a request to the governor that a person's sentence be commuted to a term of years

at any time. Upon receipt of a request for commutation, the governor shall send a copy of the request to the Iowa board of parole for investigation and recommendations as to whether the person should be considered for commutation. The board shall conduct an interview of the class "A" felon and shall make a report of its findings and recommendations to the governor.

Iowa Code § 902.2 (2011).

Shearon filed an application for postconviction relief on August 16, 2010, claiming the amendment to section 902.2 violated the ex post facto and due process clauses of the Iowa and federal constitutions because it limited his ability to be considered for commutation of sentence and release on parole. The district court determined, "The changes to section 902.2 merely changed a procedure regarding a possible hope for clemency; it did not lengthen Mr. Shearon's sentence or impact a right or privilege guaranteed to Mr. Shearon." The court dismissed his request for postconviction relief. Shearon did not appeal that decision.

Shearon filed a petition for writ of habeas corpus in federal court on September 1, 2011, again claiming the amendment to section 902.2 violated the ex post facto and due process clauses. The federal district court dismissed his claims, finding Shearon had not exhausted his state-court remedies. The court also found, "changes in the Iowa Code subsequent to Shearon's incarceration do not amount to an ex post facto violation."

On September 20, 2012, Shearon filed a petition for judicial review in Iowa district court. He claimed the Iowa Board of Parole had denied him access to the commutation process by withholding the interview process found in the older version of section 902.2. He asserted the amendment violated his rights under

the bill of attainder, ex post facto, due process, separation of powers, and equal protection clauses of the Iowa and federal constitutions. After a hearing, the district court denied Shearon's petition, finding he had not shown a constitutional violation. The court noted, "Shearon remains, as he always has been, eligible for commutation consideration." Shearon has appealed the court's decision.

## II. Standard of Review.

Our review of constitutional issues raised in an administrative proceeding is de novo. *Hawkeye Land Co. v. Iowa Utils. Bd.*, 847 N.W.2d 199, 209 (Iowa 2014). "We do not give any deference to the agency with respect to the constitutionality of a statute or administrative rule because it is entirely within the province of the judiciary to determine the constitutionality of legislation enacted by other branches of government." *NextEra Energy Res., L.L.C. v. Iowa Utils. Bd.*, 815 N.W.2d 30, 44 (Iowa 2012).

## III. Due Process.

Shearon contends the former version of section 902.2 created a liberty interest because it required the Iowa Board of Parole to interview a class "A" felon within five years of confinement and regularly thereafter, and the Board could recommend the person's sentence be commuted to a term of years. The newer version of section 902.2 does not contain this requirement, but states a person serving a life sentence may apply to the governor once every ten years asking to have the person's sentence commuted to a term of years. Shearon argues this change in the law has violated his due process rights because it has

decreased his ability to have his life sentence commuted to a term of years.[1] *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. 1, § 9. He asserts he has been adversely affected by the change in frequency in which his circumstances are reviewed.

This issue was addressed in *Snodgrass v. Robinson*, 512 F.3d 999, 1000 (8th Cir. 2008), where a felon claimed the amendment to section 902.2 violated her ex post facto and due process rights. The court noted, "To state a due process violation, Snodgrass must first identify a protected liberty interest." *Snodgrass*, 512 F.3d at 1003. The court found, "the unfettered discretion vested in the governor gives no prisoner a 'right to a certain outcome in the event of the occurrence of certain fact.' As such, Iowa prisoners have no liberty interest in commutations." *Id.* The court concluded:

> To the extent Snodgrass argues her asserted liberty interest is an absolute right to interviews with the Board as frequently as was permitted under Iowa law at the time of her offense, her arguments are misplaced. Such an argument confuses the liberty interest to be protected with the procedure provided for its protection.

*Id.*

On our de novo review, we agree with the court's reasoning in *Snodgrass*. Shearon has not shown he has a protected liberty interest in more frequent interviews with the Iowa Board of Parole or that there was a violation of his due process rights.

---

[1] We note there were two prior adjudications of Shearon's due process claims—the Iowa district court postconviction-relief action and the federal habeas corpus action. The Board asserts Shearon's due process claims are barred by the doctrine of res judicata. The district court did not rule on the issue of res judicata but addressed the due-process issue on the merits. On our de novo review, rather than rely upon the doctrine of res judicata, we elect to address Shearon's due-process claims on the merits.

**IV. Equal Protection.**

Shearon contends his legitimate expectation of freedom, as a person serving a life sentence, is different from the expectation of freedom of other Iowa prisoners. He raises a claim under the equal protection clause based on the change in the procedure for access to a commutation of sentence. *See* U.S. Const. amend. XIV, § 1; Iowa Const. art. I, § 6.

An equal protection claim "requires an allegation of disparate treatment, not merely disparate impact." *King v. State*, 818 N.W.2d 1, 24 (Iowa 2012). "To allege a viable equal protection claim, plaintiffs must allege that the defendants are treating similarly situated persons differently." *Id.* We do not believe prisoners who are serving a life sentence are similarly situated to prisoners who are serving a term of years. We conclude Shearon has failed to show the amendment to section 902.2 violated his right to the equal protection of the law.

We affirm the decision of the district court.

**AFFIRMED.**