# IN THE SUPREME COURT OF IOWA

No. 16–0582

Filed February 24, 2017

Amended May 24, 2017

**GARY PETTIT,**

Appellee,

vs.

**IOWA DEPARTMENT OF CORRECTIONS,**

Appellant.

---

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson (motion to dismiss) and Scott Rosenberg (judicial review petition), Judges.

The Iowa Department of Corrections appeals a decision of the district court requiring the department to provide an inmate counsel in a sex offender treatment program classification hearing. **REVERSED AND CASE REMANDED WITH DIRECTIONS.**

Thomas J. Miller, Attorney General, and John McCormally, Assistant Attorney General, for appellant.

Gary Dickey of Dickey & Campbell Law Firm, PLC, Des Moines, for appellee.

**WIGGINS, Justice.**

An inmate filed a judicial review petition under Iowa Code chapter 17A (2015)[1] seeking court review of a sex offender treatment program (SOTP) classification hearing. The Iowa Department of Corrections (IDOC) moved to dismiss the petition claiming judicial review was unavailable under chapter 17A. The district court overruled the motion to dismiss, and on the merits, the court determined the inmate was entitled to counsel. IDOC appeals.

On appeal, we find the district court did not have the authority to review the classification hearing under chapter 17A. Accordingly, we vacate the judgment of the district court and remand the case back to the district court to enter an order dismissing the inmate's petition for judicial review.

## I. Background Facts and Proceedings.

On June 8, 2004, Gary Pettit pled guilty to third-degree sexual abuse in violation of Iowa Code section 709.4(1) (2003) and third-degree kidnapping. The Madison County district court sentenced him to two consecutive fifteen-year terms of imprisonment with a mandatory three-year habitual offender enhancement. The court placed Pettit in the custody of the IDOC, which incarcerated him at the Anamosa State Penitentiary. In 2005, Pettit completed Sexual Offender Counseling (SOC). Since his incarceration, Pettit has received three discipline reports primarily regarding unauthorized possession of items.

On January 5, 2015, the IDOC provided Pettit with a "Sex Offender Treatment Program Classification Hearing Notice" informing him of the decision that "he would be required to complete sex offender treatment."

---

[1]All references are to the 2015 Code of Iowa unless otherwise noted.

The notice informed him that "[t]*his classification decision may affect your future accrual of earned time and tentative discharge date pursuant to Iowa Code § 903A.2(1)(a).*" The notice also stated Pettit is a "convicted sex offender" currently serving time for third-degree sex abuse among other charges and "[b]ecause he has never completed any type of sex offender treatment [program], the [IDOC] will require he do so. Should offender Pettit refuse to participate in mandatory treatment, appropriately his earned time will be suspended." Finally, the notice provided "that an in-person or telephonic hearing on your appeal of the sex offender treatment program requirements will be held on Wednesday, January 21," before an administrative law judge (ALJ), and "[a]ll documents or other exhibits that you want considered at the hearing [must be received] . . . no later than two business days [before] the hearing."

Prior to the hearing, Pettit sought to have subpoenas issued for witnesses and documents. The ALJ denied his requests. The ALJ explained his requests for subpoenas were properly denied because "[t]his matter was not being conducted under Iowa Code Chapter 17A," and drawing upon the precedent of prison disciplinary hearings, such hearings do not use subpoenas. Pettit also requested his attorney be present with him at the classification hearing, and the ALJ denied that request. Citing the IDOC's policy for the denial, the ALJ provided,

> This due process (ALJ) hearing of a classification committee decision is an administrative remedy and the offender shall not have the right to use outside counsel during the hearing or appeal process.

> See Policy IS-CL-03, at IV.A.3.d.II (page 9). Thus, while [Pettit] may consult with his attorney, he does not have the right to have the attorney participate in the hearing process itself.

At the start of the classification hearing, Pettit requested the ALJ record the hearing. The ALJ denied his request, reasoning that recordings are not required for prison disciplinary hearings and thus, are not required for classification hearings. Pettit also indicated he was making his objections to the hearing procedures under the Iowa due process clause, and the ALJ found the procedures comported with relevant Iowa law and the IDOC's policies.

At the hearing, Pettit objected to the classification, contending the SOC program he completed at the Anamosa State Penitentiary satisfied the requirement that he complete sex offender treatment. During the hearing, Pettit had the opportunity to present evidence and make statements. Pettit submitted fifteen exhibits and five notarized statements from other offenders. He also asked the ALJ to take judicial notice of his prison record. The ALJ accepted all of Pettit's documents into evidence and took administrative notice of all relevant documents in the prison records.

Following the hearing, the ALJ rendered a decision. After considering the evidence and Pettit's argument, the ALJ affirmed the classification decision, concluding Pettit is required to complete the SOTP at the Mount Pleasant Correctional Facility. Pettit appealed the ALJ's decision to the warden by completing the SOTP appeal form. *See* Iowa Code § 903A.3(2) ("The orders of the administrative law judge are subject to appeal to the superintendent or warden of the institution, . . . who may either affirm, modify, remand for correction of procedural errors, or reverse an order."). The warden affirmed the decision of the ALJ, agreeing with the classification committee's and the ALJ's decisions to require Pettit to complete SOTP.

Pettit filed a petition for judicial review naming the IDOC as the respondent under Iowa Code chapter 17A. Pettit claimed the IDOC violated his substantive and procedural due process rights under the Iowa Constitution and chapter 17A because the IDOC refused to allow him access to counsel during the classification hearing, refused to provide him with subpoenas, refused to provide him with requested identifiable agency records, and refused to provide him with prehearing discovery. *See* Iowa Code §§ 17A.13(1)–(2), .19(10)(*a*), (*d*). Pettit also asserted under chapter 17A that his substantial rights were prejudiced by the IDOC's requirement that he "participate in the SOTP a second time after having previously completed sex offender treatment." *See id.* § 17A.19(10)(*b*), (*c*), (*f*), (*g*), (*h*), (*j*), (*k*), (*l*), (*m*), (*n*).

The IDOC filed a preanswer motion to dismiss Pettit's petition, arguing chapter 17A was not applicable to the classification decision and that filing a postconviction-relief action under Iowa Code chapter 822 was the proper way to review the actions taken by the IDOC. The district court denied the motion.

The case proceeded on the merits. The district court, relying on *State v. Young*, 863 N.W.2d 249 (Iowa 2015), found,

> [s]ince an inmate's ability to accrue earned time has been recognized . . . to be a liberty interest, the facts and circumstances of this case required [Pettit] be allowed to retain counsel or, if he could not afford counsel, to have counsel appointed at state expense.

The IDOC appealed.

**II. Issue.**

The IDOC raises numerous issues on appeal. The issue of whether the district court erred in overruling IDOC's motion to dismiss is

dispositive of this appeal. Therefore, we will not address any other issues presented.

### III. Scope of Review.

We review a district court's ruling on a motion to dismiss for correction of errors at law. *Alliant Energy-Interstate Power & Light Co. v. Duckett*, 732 N.W.2d 869, 874 (Iowa 2007). "Ultimately, 'our decision to overrule or sustain a motion to dismiss must rest on legal grounds.' " *Trobaugh v. Sondag,* 668 N.W.2d 577, 580 (Iowa 2003) (quoting *Haupt v. Miller,* 514 N.W.2d 905, 907 (Iowa 1994)).

### IV. Analysis.

Before reaching the merits of this claim, it is important to note the difference between subject matter jurisdiction and the court's lack of authority to hear a particular case. In the past, we have explained these concepts as follows:

> [W]e distinguished subject matter jurisdiction from the court's "lack of authority to hear a particular case," also referred to as "lack of jurisdiction of the case." "Subject matter jurisdiction" refers to the power of a court to deal with a class of cases to which a particular case belongs. A constitution or a legislative enactment confers subject matter jurisdiction on the courts. Although a court may have subject matter jurisdiction, it may lack the authority to hear a particular case for one reason or another.

*In re Estate of Falck,* 672 N.W.2d 785, 789–90 (Iowa 2003) (citation omitted) (quoting *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989)).

Ordinarily, the district court has subject matter jurisdiction over judicial review petitions. Here, the IDOC is claiming a judicial review petition is not the proper vehicle to challenge the IDOC's actions, but that a postconviction-relief action is the proper method of review. Thus,

the IDOC is claiming the district court had no authority to review this matter under chapter 17A. We agree with the IDOC.

The legislature has passed certain statutes concerning a prisoner's right to accrue earned time. Section 903A.2 of the Code provides,

> An inmate of an institution under the control of the department of corrections . . . is eligible for a reduction of sentence equal to one and two-tenths days for each day the inmate demonstrates good conduct and satisfactorily participates in any program or placement status identified by the director to earn the reduction. The programs include but are not limited to the following:
>
> . . . .
>
> (4) A treatment program established by the director.

Iowa Code § 903A.2(1)(*a*)(4). In 2005, the legislature added the following language to specifically address sex offender treatment: "However, an inmate required to participate in a sex offender treatment program shall not be eligible for a reduction of sentence unless the inmate participates in and completes a sex offender treatment program established by the director." *Id.* § 903A.2(1)(*a*).[2] Thus, "[a]n inmate who fails to participate in sex offender treatment required by the IDOC risks losing his or her ability to obtain an earlier release from prison by accumulating earned time." *State v. Iowa Dist. Ct.*, 888 N.W.2d 655, 662 (Iowa 2016).

---

[2]We have previously stated,

> This court held in *Holm v. Iowa District Court*, 767 N.W.2d 409, 416 (Iowa 2009), that application of the 2005 amendment to inmates whose crimes occurred after enactment of the 2001 amendment but before enactment of the 2005 amendment does not violate the ex post facto clause because the 2005 amendment was a clarification of the 2001 amendment.

*Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 494 (Iowa 2010). Thus, although Pettit's offense occurred in 2004, section 903.2(1)(*a*) applies to him.

The Code outlines the authority of the IDOC to implement such treatment programs:

> The director of the Iowa department of corrections shall develop policy and procedural rules to implement sections 903A.1 through 903A.3. The rules may specify disciplinary offenses which may result in the loss of earned time, and the amount of earned time which may be lost as a result of each disciplinary offense. The director shall establish rules as to what constitutes "*satisfactory participation*" for purposes of a reduction of sentence under section 903A.2, for programs that are available or unavailable.

Iowa Code § 903A.4. Finally, the Code provides, "The inmate disciplinary procedure, including but not limited to the method of awarding or forfeiting time pursuant to this chapter, is not a contested case subject to chapter 17A." *Id.* § 903A.3(4).

The result of an inmate not participating in SOTP is a loss of the accrual of earned time. This result will happen no matter the inmate's reason for not participating in SOTP. As section 903A.3(4) states, the disciplinary procedure is not limited to only the "method of awarding or forfeiting time." *Id.* It follows that the initial step of classification is part of the entire procedure. We find there is little to distinguish the challenge of the initial SOTP classification decision from a challenge to the SOTP classification decision after the accrual of the inmate's earned time is affected. Thus, we conclude the SOTP classification decision is part of the disciplinary procedure. Therefore, section 903A.3(4) precludes review under chapter 17A.

We find the proper method to review a SOTP classification is by a postconviction-relief action. This conclusion is consistent with our prior caselaw. In *Davis v. State*, 345 N.W.2d 97, 98 (Iowa 1984), "[t]he disciplinary committee determined that [a prisoner] should be penalized

by thirty-six months in administrative segregation plus loss of television, radio, and tape player privileges for the same period of time." In discussing the issue, we cited Iowa Code sections 663A.2(5) and (6) (1983). *Id.* at 98–99. Section 663A.2(5) of the 1983 Code has the exact same language of section 822.2(1)(*e*) of the 2015 Code. *Compare* Iowa Code § 663A.2(5) (1983), *with* Iowa Code § 822.2(1)(*e*) (2015). Section 663A.2(6) of the 1983 Code contains the same language as section 822.2(1)(*f*) of the 2015 Code with two minor differences. *Compare* Iowa Code § 663A.2(6) (1983), *with* Iowa Code § 822.2(1)(*f*) (2015). Section 822.2(1)(*f*) of the 2015 Code cites the accrual of earned time provisions contained in chapter 903A and requires a party to exhaust the appeal procedure of section 903A.7. *Id.* § 822.2(1)(*f*).

Without stating which provision specifically applies, we held a postconviction-relief action was the proper means to contest the prisoner's claims. *Davis*, 345 N.W.2d at 99. In reaching this conclusion we said,

> In many of the prison disciplinary proceedings in which judicial review will be sought, forfeiture of good and honor time will be involved but will be coupled with other means of discipline which can be characterized as a substantial deprivation of liberty or property but which are not expressly mentioned as a subject for review under chapter 663A. We therefore approve litigating all such claims involving substantial deprivation of liberty or property interests pursuant to the procedures of chapter 663A in the county in which the applicant is being confined.

*Id.* This reasoning is just as applicable today. Pettit's objection to SOTP classification is part of the disciplinary procedure because it would lead to a loss of the accrual of earned time. Section 822.2(1)(*f*)[3] addresses the

---

[3]Section 822.2(1)(*f*) allows a postconviction-relief action when "[t]he person's reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully

loss of earned time and is the statutory basis for a postconviction-relief action under this set of facts.[4]

Pettit relies on the footnote in *Maghee v. State*, 773 N.W.2d 228, 238 n.3 (Iowa 2009), to support his argument on appeal the IDOC's classification decision constituted other agency action. Pettit's reliance is misplaced.

In *Maghee*, an inmate challenged the revocation of his work release status in a postconviction-relief action. *Id.* at 230. There, we held chapter 822 was the proper vehicle to challenge an IDOC decision, explaining, "[e]ven though the department's decision may also fall within chapter 17A, we think the more specific statute—chapter 822—should control the procedure for judicial review." *Id.* at 240. In the footnote, we also observed,

> it is difficult to understand the basis for holding that a disciplinary decision made by a committee of the department of corrections is not agency action falling within chapter 17A. The fact that disciplinary proceedings are not "contested cases," *see Langley* [*v. Scurr*, 305 N.W.2d 418, 419 (Iowa 1981)], does not preclude their review under chapter 17A.19 as "other agency action."

*Id.* at 238 n.3.

Iowa Code chapter 17A recognizes three distinct categories of agency action: rulemaking, adjudication or contested case, and other agency action. *Greenwood Manor v. Iowa Dep't of Pub. Health*, 641 N.W.2d 823, 833 (Iowa 2002). In his petition for judicial review, Pettit

---

forfeited and the person has exhausted the appeal procedure of section 903A.3, subsection 2."

[4]Section 822.2(1)(*e*) may also apply because Pettit had undergone a specific program at Newton that he objected to and was also claiming he was "unlawfully held in . . . other restraint." Iowa Code § 822.2(1)(*e*).

originally claimed the IDOC's action was a contested case. At the hearing for motion to dismiss in the district court, Pettit argued the SOTP classification decision was a contested case or alternatively, other agency action. In light of our conclusion that the SOTP classification decision is part of the "inmate disciplinary procedure . . . , [i]t is not a contested case subject to chapter 17A." Iowa Code § 903A.3(4). Thus, we only need to consider whether the classification decision constitutes other agency action.

Other agency action is a residual category that does not amount to rulemaking or a contested case. *Greenwood Manor*, 641 N.W.2d at 834. "[I]f the statute or constitution does not require a hearing, or if the required hearing does not rise to the level of an evidentiary hearing, the agency action is considered 'other agency action.'" *Id.* An evidentiary hearing is considered "an oral proceeding whose purpose is to determine disputed facts of particular applicability known as adjudicative facts—the who, what, when, where, and why of particular individuals in specified circumstances." *Polk County v. Iowa State Appeal Bd.*, 330 N.W.2d 267, 277 (Iowa 1983) (quoting Arthur Earl Bonfield, *The Definition of Formal Agency Adjudication Under the Iowa Administrative Procedure Act*, 63 Iowa L. Rev. 285, 294 (1977)). Other agency action entitles parties to, at most, an informal hearing. *Greenwood Manor*, 641 N.W.2d at 834.

In *Langley*, we opined there was no constitutional requirement for an "evidentiary hearing," and an "extensive or formal hearing" was not required in disciplinary proceedings. 305 N.W.2d at 419–20. In *Dykstra v. Iowa District Court*, while not overruling *Langley*, we contemplated the due process required for disciplinary proceedings under the Iowa and United States Constitutions more closely. 783 N.W.2d 473, 483 (Iowa 2010). We adopted and summarized the procedural protections set forth

in *Wolff v. McDonnell*, 418 U.S. 539, 563–71, 94 S. Ct. 2963, 2978–82, 41 L. Ed. 2d 935, 955–59 (1974), as follows:

> (1) advance written notice of the claimed violation, (2) a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken, (3) a hearing, at which the inmate must be allowed to call witnesses and present documentary evidence, as long as it would not be unduly hazardous, and (4) a sufficiently impartial decisionmaker.

*Dykstra,* 783 N.W.2d at 482. Subsequently, the Supreme Court explained that these procedures are necessary in proceedings "designed to elicit specific facts." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex,* 442 U.S. 1, 14, 99 S. Ct. 2100, 2107, 60 L. Ed. 2d 668, 679 (1979), *abrogated on other grounds by Sandin*, 515 U.S. at 480–84, 115 S. Ct. at 2298–2300, 132 L. Ed. 2d at 427–30.

The due process requirements under the Iowa Constitution require a hearing, at which the inmate must be allowed to call witnesses and present documentary evidence to elicit specific adjudicative facts for SOTP classification. This rises to the definition of an evidentiary hearing. Thus, the SOTP classification cannot constitute other agency action.

**V. Summary and Disposition.**

We find that SOTP classification is part of the disciplinary procedure because it would lead to a loss of the accrual of earned time if the inmate does not comply. In light of our conclusion that the SOTP classification is part of the disciplinary procedure, it is not a contested case subject to chapter 17A. We further find a SOTP classification hearing is not other agency action. Accordingly, an inmate must file a postconviction-relief action under section 822.2(1)(*f*) to obtain review by the courts of a SOTP classification.

Therefore, the court had no authority to hear the judicial review petition filed by Pettit and the district court erred in overruling IDOC's motion to dismiss. Consequently, we vacate the judgment of the district court and remand the case back to the district court to enter an order dismissing Pettit's petition for judicial review.

**REVERSED AND CASE REMANDED WITH DIRECTIONS.**